UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

| | |
|---|---|
| MOTOROLA MOBILITY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| APPLE, INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Motorola Mobility, Inc. ("Motorola Mobility"), for its complaint against Defendant, Apple, Inc. ("Apple"), alleges as follows:

### INTRODUCTION

1. This is an action brought by Motorola Mobility against Apple for Apple's infringement of Motorola Mobility's patents. In particular, Motorola Mobility seeks remedies for Apple's infringement of Motorola Mobility's U.S. Patents Nos. 5,710,987 ("the '987 patent"), 5,754,119 ("the '119 patent"), 5,958,006 ("the '006 patent"), 6,008,737 ("the '737 patent"), 6,101,531 ("the '531 patent") and 6,377,161 ("the '161 patent") (collectively, "the Asserted Patents").

### PARTIES

2. Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola, Inc. On July 31, 2010, Motorola, Inc. assigned all its right, title and interest in each of the Asserted Patents to Motorola Mobility, Inc.

1

3.  On information and belief, Apple, Inc. is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

4.  This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over Apple. On information and belief, Apple has significant contacts with this forum because Apple manufactures (directly or indirectly through third-party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in this District. On information and belief, Apple, directly and/or through its distribution network, places infringing devices within the stream of commerce, with the knowledge and/or understanding that such infringing devices will be sold in this District. Moreover, on information and belief, Apple operates several retail stores within this District and expects or should reasonably expect its infringing actions to have consequences in this District. On information and belief, Apple has operated, conducted, conducted, engaged in, or carried on a business or business venture in this State or has an office or agency in this State and Apple had committed tortious acts within this State and that the cause of action herein arise from these acts. Upon information and belief, Apple has engaged in substantial and not isolated activity within this State. Apple also has a registered agent for the purposes of, *inter alia*, accepting service of process and thus it lacks any objection to this Court's personal jurisdiction. Therefore, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Florida long-arm statute, Fla. Stat. § 48.193.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b) because Apple resides in this District and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,710,987

7. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

8. The '987 patent, entitled "Receiver Having Concealed External Antenna," duly and lawfully issued on January 20, 1998. A true and correct copy of the '987 patent is attached to this Complaint as Exhibit 1.

9. Motorola Mobility is the owner of all rights, title, and interest in the '987 patent, including the right to bring this suit for injunctive relief and damages.

10. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '987 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4.

11. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

12. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '987 patent in an amount to be determined at trial.

13. On information and belief, Apple's infringement of the '987 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

14. On information and belief, Apple's infringement of the '987 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,754,119

15. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

16. The '119 patent, entitled "Multiple Pager Status Synchronization System and Method," duly and lawfully issued on May 19, 1998. A true and correct copy of the '119 patent is attached to this Complaint as Exhibit 2.

17. Motorola Mobility is the owner of all rights, title, and interest in the '119 patent, including the right to bring this suit for injunctive relief and damages.

18. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '119 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple MobileMe service, the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini and the Apple Mac Pro.

19. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

20. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '119 patent in an amount to be determined at trial.

21. On information and belief, Apple's infringement of the '119 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

22. On information and belief, Apple's infringement of the '119 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,958,006

23. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

24. The '006 patent, entitled "Method and Apparatus for Communicating Summarized Data," duly and lawfully issued on September 28, 1999.

25. The '006 patent was reexamined *ex parte* pursuant to a request made on September 16, 2008. The Ex Parte Reexamination Certificate for the '006 patent issued on January 12, 2010, confirming the patentability of all reexamined claims as amended. A true and correct copy of the '006 patent with the January 12, 2010 Ex Parte Reexamination Certificate is attached to this Complaint as Exhibit 3.

26. On May 28, 2010, the United States Patent and Trademark Office granted a request for *ex parte* reexamination of claims 1, 12 and 24–27 of the '006 patent. The art cited by the *ex parte* requester is cumulative of that already considered by the Patent and Trademark

Office during initial examination of the '006 patent. Thus, no new issues regarding the viability of the patent claims have been raised. A final determination has not yet been reached in these proceedings.

27. Motorola Mobility is the owner of all rights, title, and interest in the '006 patent, including the right to bring this suit for injunctive relief and damages.

28. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '006 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple MobileMe service, the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4 and the Apple iPad with 3G.

29. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

30. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '006 patent in an amount to be determined at trial.

31. On information and belief, Apple's infringement of the '006 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

32. On information and belief, Apple's infringement of the '006 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,008,737

33. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

34. The '737 patent, entitled "Apparatus for Controlling Utilization of Software Added to a Portable Communication Device," duly and lawfully issued on December 28, 1999. A true and correct copy of the '737 patent is attached to this Complaint as Exhibit 4.

35. Motorola Mobility is the owner of all rights, title, and interest in the '737 patent, including the right to bring this suit for injunctive relief and damages.

36. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '737 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple App Store, the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, each generation of the Apple iPod Touch, the Apple iPad and the Apple iPad with 3G.

37. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

38. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '737 patent in an amount to be determined at trial.

39. On information and belief, Apple's infringement of the '737 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

40. On information and belief, Apple's infringement of the '737 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,101,531

41. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

42. The '531 patent, entitled "System for Communicating User-Selected Criteria Filter Prepared at Wireless Client to Communication Server for Filtering Data Transferred from host to Said Wireless Client," duly and lawfully issued on August 8, 2000. A true and correct copy of the '531 patent is attached to this Complaint as Exhibit 5.

43. On May 10, 2010, the United States Patent and Trademark Office granted a request for *ex parte* reexamination of claims 1–3, 5–6 and 11 of the '531 patent. On September 20, 2010, the Patent and Trademark Office noticed its intent to issue an Ex Parte Reexamination Certificate confirming the patentability of all reexamined claims.

44. Motorola Mobility is the owner of all rights, title, and interest in the '531 patent, including the right to bring this suit for injunctive relief and damages.

45. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '531 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple MobileMe service, the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4 and the Apple iPad with 3G.

46. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

47. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '531 patent in an amount to be determined at trial.

48. On information and belief, Apple's infringement of the '531 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

49. On information and belief, Apple's infringement of the '531 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,377,161

50. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

51. The '161 patent, entitled "Method and Apparatus in a Wireless Messaging System for Facilitating an Exchange of Address Information," duly and lawfully issued on April 23, 2002. A true and correct copy of the '161 patent is attached to this Complaint as Exhibit 6.

52. Motorola Mobility is the owner of all rights, title, and interest in the '161 patent, including the right to bring this suit for injunctive relief and damages.

53. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '161 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services

including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS and the Apple iPhone 4.

54. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

55. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '161 patent in an amount to be determined at trial.

56. On information and belief, Apple's infringement of the '161 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

57. On information and belief, Apple's infringement of the '161 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

58. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola Mobility demands a trial by jury of this action.

## REQUEST FOR RELIEF

WHEREFORE, Motorola Mobility respectfully requests that:

(a) Judgment be entered that Apple has infringed one or more claims of each of the Asserted Patents;

(b) Judgment be entered permanently enjoining Apple, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

(c) Judgment be entered awarding Motorola Mobility all damages adequate to compensate it for Apple's infringement of the Asserted Patents including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d) Judgment be entered that Apple's infringement of each of the Asserted Patents is willful and deliberate, and therefore, that Motorola Mobility is entitled to treble damages as provided by 35 U.S.C. § 284;

(e) Judgment be entered that Apple's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Motorola Mobility to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

(f) Judgment be entered awarding Motorola Mobility such other and further relief as this Court may deem just and proper.

Dated: October 6, 2010

Respectfully submitted,

/S Edward M. Mullins
Edward M. Mullins
Fla. Bar No. 863920
emullins@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (304) 372-8202
Attorneys for Plaintiff Motorola Mobility, Inc.

*Of Counsel*
Charles K. Verhoeven*
charlesverhoeven@quinnemanuel.com
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Edward J. DeFranco*
eddefranco@quinnemanuel.com
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

David A. Nelson*
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

* Pro hac vice to be filed
F:\WDOX\CLIENTS\99999\0229\00122353.DOC