**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:10cv023580-Civ-UU**

| | |
|---|---|
| MOTOROLA MOBILITY, INC., | |
|         Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| APPLE INC., | |
|         Defendant. | |
| APPLE INC., | |
|         Counterclaim Plaintiff, | |
| v. | |
| MOTOROLA, INC. and MOTOROLA MOBILITY, INC., | |
|         Counterclaim Defendants. | |

## DEFENDANT APPLE INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Apple Inc. ("Apple") by and through its undersigned counsel, hereby responds to Motorola Mobility, Inc.'s ("Motorola Mobility") Original Complaint for Patent Infringement ("Complaint") as follows:

### I.

### ANSWER

### INTRODUCTION

1.    Apple admits that Motorola Mobility's Complaint alleges that Apple infringes U.S. Patents Nos. 5,710,987 ("the '987 patent"), 5,754,119 ("the '119 patent"), 5,958,006 ("the

'006 patent"), 6,008,737 ("the '737 patent"), 6,101,531 ("the '531 patent") and 6,377,161 ("the '161 patent") (collectively, "the Asserted Patents"), and that Motorola Mobility seeks remedies for Apple's alleged infringement.  Apple denies infringing any of the Asserted Patents and all remaining allegations of Paragraph 1.

## PARTIES

2.     On information and belief, Apple admits that Motorola Mobility is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  On information and belief, Apple admits that Motorola Mobility is a wholly-owned subsidiary of Motorola, Inc.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and, on that basis, denies those allegations.

3.     Apple admits that it is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

4.     Apple admits that Motorola Mobility's Complaint purports to be an action that arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., but denies any wrongdoing or liability on its own behalf for the reasons stated herein.  Apple admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 4 of the Complaint.

5.     Apple admits that this Court has personal jurisdiction over Apple.  Apple admits that it offers for sale and has sold its products to persons within this District, operates retail stores within this District, conducts business in this District, and has a registered agent for the purposes of accepting service of process in this District.  Apple denies that it has committed any acts of infringement within this District and specifically denies any wrongdoing, infringement, inducement of infringement or contribution to infringement.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 5 of the Complaint.

2

6.     Apple admits that venue is proper as to Apple in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 6 of the Complaint.

**COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 5,710,987**

7.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

8.     Apple admits that the '987 states on its face that it is entitled "Receiver Having Concealed External Antenna."  Apple further admits that the '987 patent states on its face that it issued on January 20, 1998.  Apple denies that the '987 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 8 of the Complaint.

9.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all right, title and interest in the '987 patent and, therefore, denies those allegations.

10.     Apple denies the allegations in Paragraph 10 of the Complaint.

11.     Apple denies the allegations in Paragraph 11 of the Complaint.

12.     Apple denies the allegations in Paragraph 12 of the Complaint.

13.     Apple denies the allegations in Paragraph 13 of the Complaint.

14.     Apple denies the allegations in Paragraph 14 of the Complaint.

**COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 5,754,119**

15.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

16.     Apple admits that the '119 patent states on its face that it is entitled "Multiple Pager Status Synchronization System and Method."  Apple further admits that the '119 patent states on its face that it issued on May 19, 1998.  Apple denies that the '119 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 16 of the Complaint.

17.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all right, title and interest in the '119 patent and, therefore, denies those allegations.

18.     Apple denies the allegations in Paragraph 18 of the Complaint.

19.     Apple denies the allegations in Paragraph 19 of the Complaint.

20.     Apple denies the allegations in Paragraph 20 of the Complaint.

21.     Apple denies the allegations in Paragraph 21 of the Complaint.

22.     Apple denies the allegations in Paragraph 22 of the Complaint.

**COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 5,958,006**

23.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

24.     Apple admits that the '006 patent states on its face that it is entitled "Method and Apparatus for Communicating Summarized Data."  Apple further admits that the '006 patent states on its face that it issued on September 28, 1999.  Apple denies that the '006 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 24 of the Complaint.

25.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations in Paragraph 25 of the Complaint and, therefore, denies those allegations.

26.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations in Paragraph 26 of the Complaint and, therefore, denies those allegations.

27.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all right, title and interest in the '006 patent and, therefore, denies those allegations.

28.     Apple denies the allegations in Paragraph 28 of the Complaint.

29.     Apple denies the allegations in Paragraph 29 of the Complaint.

30.     Apple denies the allegations in Paragraph 30 of the Complaint.

31.     Apple denies the allegations in Paragraph 31 of the Complaint.

32.     Apple denies the allegations in Paragraph 32 of the Complaint.

### COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 6,008,737

33.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

34.     Apple admits that the '737 patent states on its face that it is entitled "Apparatus for Controlling Utilization of Software Added to a Portable Communication Device."  Apple further admits that the '737 patent states on its face that it issued on December 28, 1999.  Apple denies that the '737 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 34 of the Complaint.

35.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all right, title and interest in the '737 patent and, therefore, denies those allegations.

36.     Apple denies the allegations in Paragraph 36 of the Complaint.

37.     Apple denies the allegations in Paragraph 37 of the Complaint.

38.     Apple denies the allegations in Paragraph 38 of the Complaint.

39.     Apple denies the allegations in Paragraph 39 of the Complaint.

40.     Apple denies the allegations in Paragraph 40 of the Complaint.

### COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 6,101,531

41.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

42.     Apple admits that the '531 patent states on its face that it is entitled "System for Communicating User-Selected Criteria Filter Prepared at Wireless Client to Communication Server for Filtering Data Transferred from Host to Said Wireless Client."  Apple further admits that the '531 patent states on its face that it issued on August 8, 2000.  Apple denies that the '531 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the

allegations in Paragraph 42 of the Complaint.

43.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations in Paragraph 43 of the Complaint and, therefore, denies those allegations.

44.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all right, title and interest in the '737 patent and, therefore, denies those allegations.

45.     Apple denies the allegations in Paragraph 45 of the Complaint.

46.     Apple denies the allegations in Paragraph 46 of the Complaint.

47.     Apple denies the allegations in Paragraph 47 of the Complaint.

48.     Apple denies the allegations in Paragraph 48 of the Complaint.

49.     Apple denies the allegations in Paragraph 49 of the Complaint.

### COUNT VI:  INFRINGEMENT OF U.S. PATENT NO. 6,377,161

50.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

51.     Apple admits that the '161 patent states on its face that it is entitled "Method and Apparatus in a Wireless Messaging System for Facilitating an Exchange of Address Information."  Apple further admits that the '161 patent states on its face that it issued on April 23, 2002.  Apple denies that the '161 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 51 of the Complaint.

52.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all right, title and interest in the '161 patent and, therefore, denies those allegations.

53.     Apple denies the allegations in Paragraph 53 of the Complaint.

54.     Apple denies the allegations in Paragraph 54 of the Complaint.

55.     Apple denies the allegations in Paragraph 55 of the Complaint.

56.     Apple denies the allegations in Paragraph 56 of the Complaint.

57.     Apple denies the allegations in Paragraph 57 of the Complaint.

## DEMAND FOR JURY TRIAL

58.     Apple does not object to a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

59.     Apple denies that Motorola Mobility is entitled to any of the relief sought in its prayer for relief, including that requested in Paragraphs (a) through (f).  Apple has not directly or indirectly infringed the Asserted Patents, either literally or by the doctrine of equivalents, willfully or otherwise.  Motorola Mobility is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest or any other type of recovery from Apple.  Motorola Mobility's prayer should, therefore, be denied in its entirety and with prejudice, and Motorola Mobility should take nothing.

## II.

## DEFENSES

In addition to the defenses described below, Apple expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

60.     The Complaint fails to state a claim upon which relief can be granted because Apple has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Motorola Mobility

## SECOND DEFENSE – NONINFRINGEMENT

61.     Apple does not infringe and has not infringed, either directly, indirectly, contributorily or by inducement, any claims of the Asserted Patents, either literally or under the doctrine of equivalents, willfully or otherwise.

## THIRD DEFENSE – PATENT INVALIDITY

62.     Motorola Mobility's alleged claims for infringement of the Asserted Patents are barred because each and every claim of the Asserted Patents is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 102,

103 and/or 112.

## FOURTH DEFENSE – LACHES

63.     Motorola Mobility's claims for relief are barred in whole or in part by the equitable doctrine of laches.

## FIFTH DEFENSE – ESTOPPEL

64.     Motorola Mobility's claims for relief are barred in whole or in part by the doctrine of equitable estoppel.

## SIXTH DEFENSE – STATUTE OF LIMITATIONS

65.     To the extent Motorola Mobility seeks damages for alleged infringement more than six years prior to filing of this action, the relief sought by Motorola Mobility is barred by 35 U.S.C. § 286.

## SEVENTH DEFENSE – ABSOLUTE INTERVENING RIGHTS

66.     To the extent Motorola Mobility seeks damages for alleged infringement of claims 25-27 of the '006 patent before January 12, 2010, the date of issue for the reexamination certificate of the '006 patent, the relief sought by Motorola Mobility is barred by 35 U.S.C. § 252.

## EIGHTH DEFENSE – EQUITABLE INTERVENING RIGHTS

67.     To the extent Motorola Mobility seeks damages for alleged infringement of claims 25-27 of the '006 patent after January 12, 2010, the date of issue for the reexamination certificate of the '006 patent, the relief sought by Motorola Mobility is barred by 35 U.S.C. § 252.

## NINTH DEFENSE – NOTICE

68.     To the extent Motorola Mobility seeks damages for alleged infringement prior to its giving actual or constructive notice of the '987, '119, '006, '737, '531 and '161 patents to Apple, the relief sought by Motorola Mobility is barred by 35 U.S.C. § 287.

## TENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

69.     Motorola Mobility is estopped from construing the claims of the '987, '119, '006,

'737, '531 and '161 patents in such a way as may cover any of Apple's products or processes by reasons of statements made to the U.S. Patent and Trademark Office ("Patent Office") during the prosecution of the applications that led to the issuance of the '987, '119, '006, '737, '531 and '161 patents.

### ELEVENTH DEFENSE – PATENT EXHAUSTION/IMPLIED LICENSE

70.     The relief sought by Motorola Mobility is barred in whole or in part by the doctrines of patent exhaustion and/or implied license.

### TWELFTH DEFENSE – LACK OF STANDING

71.     Motorola Mobility lacks standing to bring this suit because, as shown on the faces of the '987, '119, '006, '737, '531 and '161 patents, Motorola Mobility is not the assignee of those patents.  In addition, essential parties are not named in this action.

### THIRTEENTH DEFENSE – NO INJUNCTIVE RELIEF

72.     To the extent Motorola Mobility seeks injunctive relief for alleged infringement, the relief sought by Motorola Mobility is unavailable because any alleged injury to Motorola Mobility is not immediate or irreparable and because Motorola Mobility has an adequate remedy at law for any alleged injury.

### FOURTEENTH DEFENSE – INEQUITABLE CONDUCT

73.     The '006 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '006 patent, at least two of the inventors named on that patent, Gene Eggleston and Mitch Hansen, as well as the attorney who prosecuted the '006 patent, Terri S. Hughes, were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent Office.  This information includes, without limitation, the inventions disclosed in U.S. Patent No. 5,513,126 to Harkins et al. ("Harkins"), filed on October 4, 1993 and issued on April 30, 1996.  A copy of Harkins is attached as Exhibit A hereto.

74.     Upon information and belief, the named inventors of the '006 patent had knowledge of Harkins at least by April 24, 1997, during the pendency of U.S. Patent Application

No. 08/574,541 ("the '541 application"), and more than two years and five months before the issuance of the '006 patent. Named inventors Eggleston and Hansen are also the named inventors on U.S. Patent Application No. 08/574,537 ("the '537 application"), entitled "Method and Apparatus for Prestage Filtering Communications" and filed on December 19, 1995. Eggleston and Hansen learned of Harkins at least by April 24, 1997, when the examiner reviewing the '537 application issued an office action rejecting all claims and identifying Harkins as relevant to the prosecution of that application in the Notice of References Cited. *See* Exhibit B, at 9. Harkins is one of only six references listed on the examiner's Notice of References Cited. *See id.*

75.     Upon information and belief, the attorney responsible for prosecuting the '006 patent, as well as the named inventors of the '006 patent, had knowledge of Harkins at least by April 15, 1998, during the pendency of U.S. Patent Application No. 08/574,541, and more than one year and five months before the issuance of the '006 patent. Hughes is the sole prosecuting attorney named on the '006 patent, and one of two prosecuting attorneys named on the '531 patent. In addition, Eggleston and Hansen are the named inventors on the '531 patent. Upon information and belief, on April 15, 1998, Eggleston and Hansen submitted, and Hughes signed, an Information Disclosure Statement ("IDS") disclosing Harkins to the examiner as a reference "which may be material to the examination of" the '531 patent. Exhibit C, at 5.

76.     Upon information and belief, Eggleston, Hansen and Hughes knew that Harkins was material prior art to the '541 application and '006 patent because Harkins discloses a "Network Having Selectively Accessible Recipient Prioritized Communication Channel Profiles." In particular, Harkins teaches automatic filtering of communications sent by a sender to a receiver as defined by a receiver profile. *See* Exhibit A, at Abstract. "The receiver profile establishes the properties and mode for receipt of information for receivers on the network . . . . Receivers have additional control over network senders by defining an information filter which further controls sender channel access (to a receiver) by defining some channels as having priority of access such as direct or delayed access, as well as selectively permitting senders to

override the receiver profile." *Id.*  Upon information and belief, Eggleston, Hansen and Hughes further knew that Harkins was material prior art because they identified Harkins to the Patent Office during prosecution of the '531 patent. *See* ¶ 75 above; Exhibit C, at 5.

77.     Harkins is highly material prior art to the '006 patent.  The '006 is currently undergoing its second *ex parte* reexamination.  *See* Exhibit D.  The reexamination examiner determined that "Harkins raises a substantial new question of patentability regarding claims 24 and 25" of the '006 patent because it provides "new and non-cumulative teachings that a reasonable examiner would consider important in determining patentability of the claims." *Id.* at 10.  Claim 24 (and dependent claim 25) as originally issued include the following limitation:

> a data transfer manager, coupled with the user parameter store, adapted to control communication of data units between the communication unit and the host server including receiving individually filtered data units from the host server based on at least one user-definable filter parameters to identify whether a data unit is a qualifying or non-qualifying data unit, wherein for qualifying data units, a summary part and an additional part is received and for non-qualifying data units, the summary part without the additional part is received, and providing the communication unit with the summary part and the additional part for qualifying data units and providing the communication unit with the summary part without the additional part for non-qualifying data units.

The only alteration to this claim limitation after the first *ex parte* reexamination was correction of a grammatical error through replacing with word "parameters" with the word "parameter." *See* Exhibit 3 to Motorola Mobility's Complaint, at 20-21.  As explained by the second reexamination examiner, the above quoted limitation is the "distinguishing feature" of claims 24 and 25 that rendered those claims patentable.  Exhibit D, at 10-11.  Harkins is material to claims 24 and 25 of the '006 patent because it reads on this "distinguishing feature":

> Harkins raises a substantial new question by providing teachings that are relevant to the distinguishing feature of claims 24 and 25. For example, Harkins suggests receiving individually filtered data units from the host server based on at least one user-definable filter parameter to identify whether a data unit is a qualifying or non-qualifying data unit by teaching a device server and Communication Channel Admin Server applying filtering parameters before passing the data to the communication unit.

*Id.* at 11 (citing Harkins, col. 12; ll. 6-11; col. 7, ll. 52-54).

78.    Harkins is not cumulative to any references disclosed during prosecution of the '006 Patent.  None of the references cited to the Patent Office describe the inventions claimed in Harkins, which anticipate and/or render obvious the '006 patent for the reasons identified above and in Exhibit D.

79.    Upon information and belief, Eggleston, Hansen and Hughes failed to disclose Harkins during prosecution of the '006 patent with an intent to deceive the Patent Office.  As explained in Paragraph 76 above, although Eggleston, Hansen and Hughes disclosed Harkins to the Patent Office in conjunction with prosecution of the '531 patent in April 1998, they did not disclose Harkins in conjunction with prosecution of the '006 patent, even though prosecution of that patent was ongoing in April 1998.

80.    Harkins qualifies as prior art to the '006 patent under 35 U.S.C. § 102(e)(2).  The United States patent application that issued as Harkins, U.S. Patent Application No. 08/130,828, was filed on October 4, 1993, more than two years prior to the December 19, 1995 filing date of the '541 application.  In addition, Harkins issued on April 30, 1996, nearly three-and-a-half years before issuance of the '006 patent.

81.    Upon information and belief, the examiner did not consider Harkins during prosecution of the '006 patent.

82.    The acts of fraud on the Patent Office committed during the prosecution of the '006 patent renders the '006 patent unenforceable.

## III.

## COUNTERCLAIMS

Counterclaim-Plaintiff Apple counterclaims against Counterclaim-Defendant Motorola Mobility as follows:

## PARTIES

83.    Apple is a corporation organized under the laws of the State of California and having a principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

84.     Upon information and belief, Motorola, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60048.

85.     Upon information and belief, Motorola Mobility is a corporation organized under the laws of the State of Delaware, with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  Upon information and belief, Motorola Mobility is a wholly-owned subsidiary of Motorola, Inc.

## JURISDICTION AND VENUE

86.     These counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

87.     Motorola, Inc. is subject to personal jurisdiction in this district arising out of its systematic and continuous contacts with this district and its purposeful acts and/or transactions directed toward this district.  Such contacts include without limitation Motorola, Inc.'s past and ongoing infringing conduct in this district, and, on information and belief, Motorola, Inc.'s presence and conduct of business in this district.

88.     Motorola Mobility is subject to personal jurisdiction in this district arising out of its systematic and continuous contacts with this district and its purposeful acts and/or transactions directed toward this district.  Such contacts include without limitation Motorola Mobility's past and ongoing infringing conduct in this district, Motorola Mobility's bringing of this lawsuit in this district, and, on information and belief, Motorola Mobility's presence and conduct of business in this district.

89.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 5,710,987

90.     Apple counterclaims against Motorola Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C.

§§ 2201 and 2202.

91.     Motorola Mobility claims to be the owner of the '987 patent, entitled "Receiver Having Concealed External Antenna," filed on June 2, 1995 and issued on January 20, 1998. The '987 patent on its face identifies as inventor Thomas Eugene Paulick.  The '987 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 1 of Motorola Mobility's Complaint.

### A.     Declaration of Noninfringement

92.     Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-91 above as if fully set forth herein.

93.     An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '987 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '987 patent by making, using, offering for sale, selling and/or importing its iPhone 4 product, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola Mobility will continue to wrongfully assert the '987 patent against Apple, and thereby cause Apple irreparable injury and damage.

94.     Apple has not infringed the '987 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

95.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.     Declaration of Invalidity

96.     Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-95 above as if fully set forth herein.

97.     An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '987 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '987 patent by making, using, offering for sale, selling and/or importing its iPhone 4 product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola Mobility will continue to wrongfully assert the '987 patent against Apple,

14

and thereby cause Apple irreparable injury and damage.

98.     The '987 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

99.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**SECOND COUNTERCLAIM – DECLARATORY JUDGMENT**

**U.S. PATENT NO. 5,754,119**

100.     Apple counterclaims against Motorola Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

101.     Motorola Mobility claims to be the owner of the '119 patent, entitled "Multiple Pager Status Synchronization System and Method," filed on August 31, 1995 and issued on May 19, 1998.  The '119 patent on its face identifies as inventors Michael J. Deluca and Joan S. Deluca.  The '119 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 2 of Motorola Mobility's Complaint.

**A.     Declaration of Noninfringement**

102.     Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-101 above as if fully set forth herein.

103.     An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '119 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '119 patent by making, using, offering for sale, selling and/or importing its MobileMe service, certain iPhone products, certain iPad products, iPod Touch products, MacBook products, MacBook Pro products, Mac Book Air products, iMac Products, Mac mini products and Mac Pro products, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola Mobility will continue to wrongfully assert the '119 patent against Apple, and thereby cause Apple irreparable injury and damage.

15

104.    Apple has not infringed the '119 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

105.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.    Declaration of Invalidity

106.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-105 above as if fully set forth herein.

107.    An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '119 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '119 patent by making, using, offering for sale, selling and/or importing its MobileMe service, certain iPhone products, certain iPad products, iPod Touch products, MacBook products, MacBook Pro products, Mac Book Air products, iMac Products, Mac mini products and Mac Pro products, which allegation Apple denies.  Absent a declaration of invalidity, Motorola Mobility will continue to wrongfully assert the '119 patent against Apple, and thereby cause Apple irreparable injury and damage.

108.    The '119 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

109.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### THIRD COUNTERCLAIM – DECLARATORY JUDGMENT
### U.S. PATENT NO. 5,958,006

110.    Apple counterclaims against Motorola Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

111.    Motorola Mobility claims to be the owner of the '006 patent, entitled "Method

16

and Apparatus for Communicating Summarized Data," filed on December 19, 1995 and issued on September 28, 1999.  The '006 patent on its face identifies as inventors Gene Eggleston, Mitch Hansen and Anthony Rzany.  The '006 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 3 of Motorola Mobility's Complaint.

### A.      Declaration of Noninfringement

112.      Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-111 above as if fully set forth herein.

113.      An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '006 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '006 patent by making, using, offering for sale, selling and/or importing its MobileMe service, certain iPhone products and iPad with 3G product, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola Mobility will continue to wrongfully assert the '006 patent against Apple, and thereby cause Apple irreparable injury and damage.

114.      Apple has not infringed the '006 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

115.      This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.      Declaration of Invalidity

116.      Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-115 above as if fully set forth herein.

117.      An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '006 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '006 patent by making, using, offering for sale, selling and/or importing its MobileMe service, certain iPhone products and iPad with 3G product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola Mobility will continue to

wrongfully assert the '006 patent against Apple, and thereby cause Apple irreparable injury and damage.

118.    The '006 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

119.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.    Declaration of Unenforceability

120.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-119 above as if fully set forth herein.

121.    An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '006 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '006 patent by making, using, offering for sale, selling and/or importing its MobileMe service, certain iPhone products and iPad with 3G product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola Mobility will continue to wrongfully assert the '006 patent against Apple, and thereby cause Apple irreparable injury and damage.

122.    Upon information and belief, the '006 patent is unenforceable due to inequitable conduct for the reasons described in Apple's affirmative defenses, and Apple is entitled to a declaration to that effect.

123.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT
### U.S. PATENT NO. 6,008,737

124.    Apple counterclaims against Motorola Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

125.    Motorola Mobility claims to be the owner of the '737 patent, entitled "Apparatus for Controlling Utilization of Software Added to a Portable Communication Device," filed on June 24, 1996 and issued on December 28, 1999.  The '737 patent on its face identifies as inventors Michael J. Deluca, Dough Kraul and Walter L. Davis.  The '737 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 4 of Motorola Mobility's Complaint.

### A.    Declaration of Noninfringement

126.    Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-125 above as if fully set forth herein.

127.    An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '737 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '737 patent by making, using, offering for sale, selling and/or importing its App Store service, certain iPhone products, certain iPad products and the iPod Touch products, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola Mobility will continue to wrongfully assert the '737 patent against Apple, and thereby cause Apple irreparable injury and damage.

128.    Apple has not infringed the '737 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

129.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.    Declaration of Invalidity

130.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-129 above as if fully set forth herein.

131.    An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '737 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '737 patent by making, using, offering for sale, selling and/or importing its App Store service, certain iPhone products, certain iPad products and the

iPod Touch products, which allegation Apple denies.  Absent a declaration of invalidity, Motorola Mobility will continue to wrongfully assert the '737 patent against Apple, and thereby cause Apple irreparable injury and damage.

132.     The '737 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

133.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT**

**U.S. PATENT NO. 6,101,531**

134.     Apple counterclaims against Motorola Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

135.     Motorola Mobility claims to be the owner of the '531 patent, entitled "System for Communicating User-Selected Criteria Filter Prepared at Wireless Client to Communication Server for Filtering Data Transferred from Host to Said Wireless Client," filed on May 15, 1998 and issued on August 8, 2000.  The '531 patent on its face identifies as inventors Gene Eggleston and Mitch Hansen.  The '531 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 5 of Motorola Mobility's Complaint.

**A.     Declaration of Noninfringement**

136.     Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-135 above as if fully set forth herein.

137.     An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '531 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '531 patent by making, using, offering for sale, selling and/or importing its MobileMe service, certain iPhone products and its iPad with 3G product, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola Mobility will

20

continue to wrongfully assert the '531 patent against Apple, and thereby cause Apple irreparable injury and damage.

138.     Apple has not infringed the '531 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

139.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.     Declaration of Invalidity

140.     Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-139 above as if fully set forth herein.

141.     An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '531 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '531 patent by making, using, offering for sale, selling and/or importing its MobileMe service, certain iPhone products and its iPad with 3G product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola Mobility will continue to wrongfully assert the '531 patent against Apple, and thereby cause Apple irreparable injury and damage.

142.     The '531 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

143.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT

### U.S. PATENT NO. 6,377,161

144.     Apple counterclaims against Motorola Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

145.     Motorola Mobility claims to be the owner of the '161 patent, entitled "Method and Apparatus in a Wireless Messaging System for Facilitating an Exchange of Address Information," filed on August 11, 1998 and issued on April 23, 2002.  The '161 patent on its face identifies as inventors Lisa Jane Gromelski and Gregory Lewis Cannon.  The '161 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 6 of Motorola Mobility's Complaint.

### A.     Declaration of Noninfringement

146.     Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-145 above as if fully set forth herein.

147.     An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '161 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '161 patent by making, using, offering for sale, selling and/or importing certain of its iPhone products, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola Mobility will continue to wrongfully assert the '161 patent against Apple, and thereby cause Apple irreparable injury and damage.

148.     Apple has not infringed the '161 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

149.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.     Declaration of Invalidity

150.     Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-149 above as if fully set forth herein.

151.     An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '161 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '161 patent by making, using, offering for sale, selling and/or importing certain of its iPhone products, which allegation Apple denies.  Absent a declaration of invalidity, Motorola Mobility will continue to wrongfully assert the '161 patent

against Apple, and thereby cause Apple irreparable injury and damage.

152.    The '161 patent is invalid under the provisions of Title 35 of the United States
Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a
declaration to that effect.

153.    This is an exceptional case entitling Apple to an award of its attorneys' fees
incurred in connection with this action pursuant to 35 U.S.C. § 285.

**SEVENTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 5,583,560**

154.    Apple incorporates herein by reference the answers and allegations set forth in
Paragraphs 1-153 above as if fully set forth herein.

155.    Apple is the owner of the entire right, title and interest in and to U.S. Patent No.
5,583,560 ("the '560 patent") entitled "Method and Apparatus for Audio-Visual Interface for the
Selective Display of Listing Information on a Display," which was duly and legally issued on
December 10, 1996 in the name of inventors Fabrice Florin, Michael Buettner, Glenn Corey,
Janey Fritsche, Peter Maresca, Peter Miller, Bill Purdy, Stuart Sharpe and Nick West.  A copy of
the '560 patent is attached as Exhibit E hereto.

156.    Upon information and belief, Motorola, Inc. and Motorola Mobility (collectively,
"Motorola") have infringed and continue to infringe, contributorily infringe and/or induce
infringement of one or more claims of the '560 patent, both directly and indirectly, literally or
under the doctrine of equivalents, in violation of 35 U.S.C. § 271 through the use, importation,
offer for sale and/or sale of set-top and DVR boxes that provide or operate in conjunction with
an interactive Guide (for TV or DVR functions), including, but not limited to, the following
products: DCT700, DCT2500, DCT3400, DCT3080, DCT6200, DCT6208, DCT6400,
DCT6412, DCX700, DCX3200 , DCX3200 P2, DCX3400, DCH70, DCH100 , DCH200,
DCH3200, DCH3416, DCH6200, DCH6416, DTA100, QIP2500, QIP2708, QIP6200, QIP6416,
QIP7100 and QIP7216.[1]

---

[1] The Accused Products specifically identified in Counterclaims 7-13 are not intended to
exclusively define or otherwise limit the categories of Accused Products.  These named products
instead represent exemplars of the Accused Products categories set forth in each counterclaim.

157.    Upon information and belief, infringement of the '560 patent by Motorola has been willful and deliberate.

158.    Apple has suffered, and will continue to suffer, irreparable injury as a result of Motorola's infringement.  Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

159.    This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

**EIGHTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 5,594,509**

160.    Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-159 above as if fully set forth herein.

161.    Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 5,594,509 ("the '509 patent") entitled "Method and Apparatus for Audio-Visual Interface for the Display of Multiple Levels of Information on a Display," which was duly and legally issued on January 14, 1997 in the name of inventors Fabrice Florin, Michael Buettner, Glenn Corey, Janey Fritsche, Peter Maresca, Peter Miller, Bill Purdy, Stuart Sharpe and Nick West.  A copy of the '509 patent is attached as Exhibit F hereto.

162.    Upon information and belief, Motorola infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '509 patent, both directly and indirectly, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 through its use, importation, offer for sale and/or sale of set-top and DVR boxes that provide or operate in conjunction with an interactive Guide (for TV or DVR functions), including, but not limited to, the following products: DCT700, DCT2500, DCT3400, DCT3080, DCT6200, DCT6208, DCT6400, DCT6412, DCX700, DCX3200 , DCX3200 P2, DCX3400, DCH70, DCH100 , DCH200, DCH3200, DCH3416, DCH6200, DCH6416, DTA100, QIP2500, QIP2708, QIP6200, QIP6416, QIP7100 and QIP7216.

---

Apple expects that additional Accused Products will be identified during discovery, and that Motorola will introduce additional products in the future that also infringe the Asserted Patents.

163.    Upon information and belief, infringement of the '509 patent by Motorola has been willful and deliberate.

164.    Apple has suffered, and will continue to suffer, irreparable injury as a result of Motorola's infringement.  Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

165.    This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

### NINTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 5,621,456

166.    Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-165 above as if fully set forth herein.

167.    Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 5,621,456 ("the '456 patent") entitled "Methods and Apparatus for Audio-Visual Interface for the Display of Multiple Program Categories," which was duly and legally issued on April 15, 1997 in the name of inventors Fabrice Florin, Michael Buettner, Glenn Corey, Janey Fritsche, Peter Maresca, Peter Miller, Bill Purdy, Stuart Sharpe and Nick West.  A copy of the '456 patent is attached as Exhibit G hereto.

168.    Upon information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '456 patent, both directly and indirectly, literally or under the doctrine of equivalents, in violation of  35 U.S.C. § 271 through its use, importation, offer for sale and/or sale of set-top and DVR boxes that provide or operate in conjunction with an interactive Guide (for TV or DVR functions), including, but not limited to, the following products: DCT700, DCT2500, DCT3400, DCT3080, DCT6200, DCT6208, DCT6400, DCT6412, DCX700, DCX3200 , DCX3200 P2, DCX3400, DCH70, DCH100 , DCH200, DCH3200, DCH3416, DCH6200, DCH6416, DTA100, QIP2500, QIP2708, QIP6200, QIP6416, QIP7100 and QIP7216.

169.    Upon information and belief, infringement of the '456 patent by Motorola has been willful and deliberate.

25

170.     Apple has suffered, and will continue to suffer, irreparable injury as a result of Motorola's infringement.  Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

171.     This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

### TENTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 6,282,646

172.     Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-171 above as if fully set forth herein.

173.     Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 6,282,646 ("the '646 patent") entitled "System for Real-Time Adaptation to Changes in Display Configuration," which was duly and legally issued on August 28, 2001 in the name of inventors Ian Hendry, Eric Anderson, Fernando Urbina.  A copy of the '646 patent is attached as Exhibit H hereto.

174.     Upon information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '646 patent, both directly and indirectly, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 through its use, importation, offer for sale and/or sale of mobile devices with a video output, including, but not limited to, the Droid X product.

175.     Upon information and belief, infringement of the '646 patent by Motorola has been willful and deliberate.

176.     Apple has suffered, and will continue to suffer, irreparable injury as a result of Motorola's infringement.  Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

177.     This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

### ELEVENTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 7,380,116

178.     Apple incorporates herein by reference the answers and allegations set forth in

Paragraphs 1-177 above as if fully set forth herein.

179.    Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 7,380,116 ("the '116 patent") entitled "System for Real-Time Adaptation to Changes in Display Configuration," which was duly and legally issued on May 27, 2008 in the name of inventors Ian Hendry, Eric Anderson, Fernando Urbina.  A copy of the '116 patent is attached as Exhibit I hereto.

180.    Upon information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '116 patent, both directly and indirectly, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 through its use, importation, offer for sale and/or sale of mobile devices with a video output, including, but not limited to, the Droid X product.

181.    Upon information and belief, infringement of the '116 patent by Motorola has been willful and deliberate.

182.    Apple has suffered, and will continue to suffer, irreparable injury as a result of Motorola's infringement.  Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

183.    This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

**TWELFTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 7,657,849**

184.    Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-183 above as if fully set forth herein.

185.    Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 7,657,849 ("the '849 patent") entitled "Unlocking a Device by Performing Gestures on an Unlock Image," which was duly and legally issued on February 2, 2010 in the name of inventors Imran Chaudhri, Bas Ording, Freddy Allen Anzures, Marcel Van Os, Stephen Lemay, Scott Forstall, and Greg Christie.  A copy of the '849 patent is attached as Exhibit J hereto.

186.    Upon information and belief, Motorola has infringed and continues to infringe,

contributorily infringe and/or induce infringement of one or more claims of the '849 patent, both directly and indirectly, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 through its use, importation, offer for sale and/or sale of mobile devices with lock pattern and/or slide unlock icon to unlock functionality, including but not limited to the Droid, Droid 2, Droid X, Droid Pro, BackFlip, Charm, Cliq, Cliq XT, Defy, Devour, Milestone, Bravo, Citrus, Flipout, Flipside and i1 products.

187.    Upon information and belief, infringement of the '849 patent by Motorola has been willful and deliberate.

188.    Apple has suffered, and will continue to suffer, irreparable injury as a result of Motorola's infringement.  Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

189.    This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

### REQUEST FOR RELIEF

WHEREFORE, Apple prays for judgment as follows on Motorola Mobility's Complaint and on Apple's Answer, Affirmative Defenses and Counterclaims:

A.    That each and every claim of the '987 patent, the '119 patent, the '006 patent, the '737 patent, the '531 patent and the '161 patent be declared not infringed and invalid;

B.    That each and every claim of the '006 patent be declared unenforceable;

C.    That Motorola Mobility take nothing by its Complaint and that Motorola Mobility's Complaint be dismissed with prejudice;

D.    That judgment be entered in favor of Apple against Motorola Mobility on Motorola Mobility's Complaint;

E.    That Motorola be declared to have infringed, directly and/or indirectly, literally or under the doctrine of equivalents, the '560 patent, the '509 patent, the '456 patent, the '646 patent, the '116 patent and the '849 patent under 35 U.S.C. § 271;

F.    That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Motorola

Mobility's and/or Motorola, Inc.'s conduct be found to render this an exceptional

case and that Apple be awarded its attorneys' fees incurred in connection with this

action;

G.    That Apple be awarded its cost of suit incurred herein;

H.    That Apple be awarded such other and further relief as the court may deem just

and proper.

Dated: November 18, 2010                     Respectfully submitted,

_/s/ Christopher R. J. Pace_____
Christopher R. J. Pace (Fla. Bar No. 0721166)

Christopher R. J. Pace
Edward Soto
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Matthew D. Powers
Steven S. Cherensky
Jill J. Ho
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Mark G. Davis
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Patricia Young
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Apple Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 18, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Christopher R. J. Pace*
Christopher R. J. Pace (Fla. Bar No. 0721166)

**SERVICE LIST**
**Motorola Mobility, Inc. versus Apple Inc.**
**Case No. 1:10cv023580-Civ-UU**
**United States District Court, Southern District of Florida**

Edward M. Mullins
Fla. Bar No. 863920
emullins@astidavis.com
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

*Attorneys for Motorola Mobility, Inc.*
Electronically served via CM/ECF

*Of Counsel:*
Charles K. Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 93111
(415) 875-6600

Edward J. DeFranco
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

David A. Nelson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
(312) 705-7400

*Attorneys for Motorola Mobility, Inc.*
Electronically served via email