## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:10-23580-CIV-UNGARO/Simonton

| | |
|---|---|
| MOTOROLA MOBILITY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| APPLE INC., | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
| | ) |
| APPLE INC., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| MOTOROLA, INC. and MOTOROLA MOBILITY, | ) |
| Counterclaim-Defendants. | ) |

---

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT MOTOROLA MOBILITY, INC. AND COUNTERCLAIM-DEFENDANT MOTOROLA, INC'S ANSWER, REPLY, AND COUNTERCLAIMS TO DEFENDANT AND COUNTERCLAIM-PLAINTIFF APPLE INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant Motorola Mobility, Inc. ("Mobility") and Counterclaim-Defendant Motorola, Inc. ("Motorola") (collectively, "Counterclaim-Defendants"), for their answer to the Counterclaims of Defendant and Counterclaim-Plaintiff Apple Inc. ("Apple") hereby allege as follows:

## ANSWER TO APPLE'S COUNTERCLAIMS

### GENERAL DENIAL

Unless expressly admitted below, Counterclaim-Defendants deny each and every allegation Apple has set forth in its Counterclaims.  Mobility further specifically denies the allegations contained in the affirmative defenses Apple has set forth in its Answer, including Apple's allegations of inequitable conduct.

### RESPONSE TO APPLE'S SPECIFIC ALLEGATIONS

Answering the specific allegations of Apple's Counterclaims, Counterclaim-Defendants respond with the following paragraphs, which correspond sequentially to the paragraphs in Apple's Counterclaims:

### PARTIES[1]

83.     Admitted.

84.     Counterclaim-Defendants admit that Motorola is a corporation organized under the laws of Delaware with its principle place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.  Counterclaim-Defendants deny the remaining allegations of Paragraph 84.

85.     Counterclaim-Defendants admit that Mobility is currently a corporation organized under the laws of Delaware with its principal place of business at 600 North US Highway 45, Libertyville, Illinois 60048.  Counterclaim-Defendants also admit that Mobility is currently a wholly-owned subsidiary of Motorola.  Counterclaim-Defendants deny the remaining allegations of Paragraph 85.

---

[1]   For ease of reference only, Counterclaim-Defendants have reproduced the headings Apple used in its Counterclaims.  To the extent the headings Apple used contain any allegations or characterizations, Counterclaim-Defendants deny the truth of those allegations or characterizations.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

## JURISDICTION AND VENUE

86.     Counterclaim-Defendants admit that Apple alleges an action under the patent laws of the United States, Title 35 of the United States Code, but specifically deny Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents. Counterclaim-Defendants further specifically deny that they infringe the asserted Apple patents. Counterclaim-Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2210, and 2202.   Counterclaim-Defendants deny the remaining allegations of Paragraph 86.

87.     Counterclaim-Defendants admit that this Court has personal jurisdiction over Motorola for purposes of this case.  Counterclaim-Defendants deny the remaining allegations of Paragraph 87.

88.     Counterclaim-Defendants admit that this Court has personal jurisdiction over Mobility for purposes of this case.  Counterclaim-Defendants deny the remaining allegations of Paragraph 88.

89.     Counterclaim-Defendants admit venue is proper in this district pursuant to at least 28 U.S.C. §1391.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 5,710,987

90.     Mobility admits that Apple purports to counterclaim against Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  Mobility specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents, including U.S. Patent No. 5,710,987.  Mobility denies the remaining allegations of Paragraph 90.

91.     Admitted.  U.S. Patent No. 5,710,987 has been assigned to Mobility.

## A.     Declaration of Noninfringement

92.     Mobility repeats and realleges its responses to Paragraphs 83 through 91 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

93.     Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '987 patent.  Mobility admits that it has brought an action against Apple alleging that Apple infringes the '987 patent by making, using, offering for sale, selling, and/or importing Apple's iPhone 4 product.  Mobility denies the remaining allegations of Paragraph 93, including, but not limited to, specifically denying that Apple does not infringe the '987 patent and that Mobility is wrongfully asserting the '987 patent against Apple, thereby causing Apple any harm.

94.     Mobility denies each and every allegation of Paragraph 94.

95.     Mobility denies each and every allegation of Paragraph 95.

## B.     Declaration of Invalidity

96.     Mobility repeats and realleges its responses to Paragraphs 83 through 95 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

97.      Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '987 patent.  Mobility admits that it has brought an action against Apple alleging that Apple infringes the '987 patent by making, using, offering for sale, selling, and/or importing Apple's iPhone 4 product.  Mobility denies the remaining allegations of Paragraph 97, including, but not limited to, specifically denying that the '987 patent is invalid and that Mobility is wrongfully asserting the '987 patent against Apple, thereby causing Apple any harm.

98.      Mobility denies each and every allegation of Paragraph 98.

99.      Mobility denies each and every allegation of Paragraph 98.

**SECOND COUNTERCLAIM – DECLARATORY JUDGMENT**

**U.S. PATENT NO. 5,754,119**

100.     Mobility admits that Apple purports to counterclaim against Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  Mobility specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents, including U.S. Patent No. 5,754,119.  Mobility denies the remaining allegations of Paragraph 100.

101.     Admitted.  U.S. Patent No. 5,754,119 has been assigned to Mobility.

**A.      Declaration of Noninfringement**

102.     Mobility repeats and realleges its responses to Paragraphs 83 through 101 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

5

103.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '119 patent.  Mobility admits that it has brought an action against Apple alleging that Apple infringes the '119 patent by making, using, offering for sale, selling, and/or importing Apple's MobileMe service, certain iPhone products, certain iPad products, iPod Touch products, MacBook products, MacBook Pro products, MacBook Air products, iMac Products, Mac mini products, and Mac Pro products.  Mobility denies the remaining allegations of Paragraph 103, including, but not limited to, specifically denying that Apple does not infringe the '119 patent and that Mobility is wrongfully asserting the '119 patent against Apple, thereby causing Apple any harm.

104.    Mobility denies each and every allegation of Paragraph 104.

105.    Mobility denies each and every allegation of Paragraph 105.

**B.      Declaration of Invalidity**

106.    Mobility repeats and realleges its responses to Paragraphs 83 through 105 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

107.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '119 patent.  Mobility admits that it has brought an action against Apple alleging that Apple infringes the '119 patent by making, using, offering for sale, selling, and/or importing Apple's MobileMe service, certain iPhone products, certain iPad products, iPod Touch products, MacBook products, MacBook Pro products, MacBook Air products, iMac Products, Mac mini products, and Mac Pro products.  Mobility denies the

remaining allegations of Paragraph 103, including, but not limited to, specifically denying that the '119 patent is invalid and that Mobility is wrongfully asserting the '119 patent against Apple, thereby causing Apple any harm.

108.    Mobility denies each and every allegation of Paragraph 108.

109.    Mobility denies each and every allegation of Paragraph 109.

### THIRD COUNTERCLAIM – DECLARATORY JUDGMENT

### U.S. PATENT NO. 5,958,006

110.    Mobility admits that Apple purports to counterclaim against Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  Mobility specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents, including U.S. Patent No. 5,958,006.  Mobility denies the remaining allegations of Paragraph 110.

111.    Admitted.  U.S. Patent No. 5,958,006 has been assigned to Mobility.

### A.    Declaration of Noninfringement

112.    Mobility repeats and realleges its responses to Paragraphs 83 through 111 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

113.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '006 patent.  Mobility admits that it has brought an action against Apple alleging that Apple infringes the '006 patent by making, using, offering for sale, selling, and/or importing Apple's MobileMe service, certain iPhone products and iPad

with 3G product.  Mobility denies the remaining allegations of Paragraph 113, including, but not limited to, specifically denying that Apple does not infringe the '006 patent and that Mobility is wrongfully asserting the '006 patent against Apple, thereby causing Apple any harm.

114.    Mobility denies each and every allegation of Paragraph 114.

115.    Mobility denies each and every allegation of Paragraph 115.

**B.      Declaration of Invalidity**

116.    Mobility repeats and realleges its responses to Paragraphs 83 through 115 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

117.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '006 patent.  Mobility admits that Mobility has brought an action against Apple alleging that Apple infringes the '006 patent by making, using, offering for sale, selling, and/or importing Apple's MobileMe service, certain iPhone products and iPad with 3G product.  Mobility denies the remaining allegations of Paragraph 117, including specifically denying that the '006 patent is invalid and that Mobility is wrongfully asserting the '006 patent against Apple, thereby causing Apple any harm.

118.    Mobility denies each and every allegation of Paragraph 118.

119.    Mobility denies each and every allegation of Paragraph 119.

**C.      Declaration of Unenforceability**

120.    Mobility repeats and realleges its responses to Paragraphs 83 through 119 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference

the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

121.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '006 patent.  Mobility admits that it has brought an action against Apple alleging that Apple infringes the '006 patent by making, using, offering for sale, selling, and/or importing Apple's MobileMe service, certain iPhone products and iPad with 3G product.  Mobility denies the remaining allegations of Paragraph 121, including specifically denying that the '006 patent is invalid and that Mobility is wrongfully asserting the '006 patent against Apple, thereby causing Apple any harm.

122.    Mobility denies each and every allegation of Paragraph 122, including, but not limited to, specifically denying Apple's allegations of inequitable conduct as described in Apple's affirmative defenses.  Mobility specifically denies that Gene Eggleston, Mitch Hansen, or the prosecuting attorney for the '006 patent were aware of specific material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office.  Mobility incorporates by reference its response to Apple's Fourteenth Affirmative Defense set forth below.

123.    Mobility denies each and every allegation of Paragraph 123.

## FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 6,008,737

124.    Mobility admits that Apple purports to counterclaim against Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  Mobility specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents,

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

including U.S. Patent No. 6,008,737.  Mobility denies the remaining allegations of Paragraph 124.

125.    Admitted.  U.S. Patent No. 6,008,737 has been assigned to Mobility.

### A.    Declaration of Noninfringement

126.    Mobility repeats and realleges its responses to Paragraphs 83 through 125 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

127.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '737 patent.  Mobility admits that it has brought an action against Apple alleging that Apple infringes the '737 patent by making, using, offering for sale, selling, and/or importing Apple's App Store service, certain iPhone products, certain iPad products, and the iPod touch products.  Mobility denies the remaining allegations of Paragraph 127, including, but not limited to, specifically denying that Apple does not infringe the '737 patent and that Mobility is wrongfully asserting the '737 patent against Apple, thereby causing Apple any harm.

128.    Mobility denies each and every allegation of Paragraph 128.

129.    Mobility denies each and every allegation of Paragraph 129.

### B.    Declaration of Invalidity

130.    Mobility repeats and realleges its responses to Paragraphs 83 through 129 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims,

Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

131.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '737 patent.  Mobility admits that Mobility has brought an action against Apple alleging that Apple infringes the '737 patent by making, using, offering for sale, selling, and/or importing Apple's App Store service, certain iPhone products, certain iPad products, and the iPod touch products.  Mobility denies the remaining allegations of Paragraph 131, including specifically denying that the '737 patent is invalid and that Mobility is wrongfully asserting the '737 patent against Apple, thereby causing Apple any harm.

132.    Mobility denies each and every allegation of Paragraph 132.

133.    Mobility denies each and every allegation of Paragraph 133.

### FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT
### U.S. PATENT NO. 6,101,531

134.    Mobility admits that Apple purports to counterclaim against Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  Mobility specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents, including U.S. Patent No. 6,101,531.  Mobility denies the remaining allegations of Paragraph 134.

135.    Admitted.  U.S. Patent No. 6,101,531 has been assigned to Mobility.

### A.    Declaration of Noninfringement

136.    Mobility repeats and realleges its responses to Paragraphs 83 through 135 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims,

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

137.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '531 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '531 patent by making, using, offering for sale, selling, and/or importing Apple's MobileMe service, certain iPhone products, and its iPad with 3G product. Mobility denies the remaining allegations of Paragraph 137, including, but not limited to, specifically denying that Apple does not infringe the '531 patent and that Mobility is wrongfully asserting the '531 patent against Apple, thereby causing Apple any harm.

138.    Mobility denies each and every allegation of Paragraph 138.

139.    Mobility denies each and every allegation of Paragraph 139.

**B.    Declaration of Invalidity**

140.    Mobility repeats and realleges its responses to Paragraphs 83 through 139 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

141.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '531 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '531 patent by making, using, offering for sale, selling, and/or importing Apple's MobileMe service, certain iPhone products, and its iPad with 3G product. Mobility denies the remaining allegations of Paragraph 141, including,

but not limited to, specifically denying that the '531 patent is invalid and that Mobility is wrongfully asserting the '531 patent against Apple, thereby causing Apple any harm.

142.    Mobility denies each and every allegation of Paragraph 142.

143.    Mobility denies each and every allegation of Paragraph 143.

### SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT

### U.S. PATENT NO. 6,377,161

144.    Mobility admits that Apple purports to counterclaim against Mobility pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  Mobility specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents, including U.S. Patent No. 6,377,161.  Mobility denies the remaining allegations of paragraph 144.

145.    Admitted.  U.S. Patent No. 6,377,161 has been assigned to Mobility.

### A.    Declaration of Noninfringement

146.    Mobility repeats and realleges its responses to Paragraphs 83 through 145 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

147.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '161 patent.  Mobilty admits that it has brought an action against Apple alleging that Apple infringes the '161 patent by making, using, offering for sale, selling, and/or importing certain of Apple's iPhone products.  Mobility denies the remaining allegations of Paragraph 147, including, but not limited to, specifically denying that

Apple does not infringe the '161 patent and that Mobility is wrongfully asserting the '161 patent against Apple, thereby causing Apple any harm.

148.    Mobility denies each and every allegation of Paragraph 148.

149.    Mobility denies each and every allegation of Paragraph 149.

**B.    Declaration of Invalidity**

150.    Mobility repeats and realleges its responses to Paragraphs 83 through 149 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Mobility, to the extent so required, admits that Apple so responds to those paragraphs in Mobility's Complaint and denies any of Apple's allegations therein.

151.    Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '161 patent.  Mobility admits that it has brought an action against Apple alleging that Apple infringes the '161 patent by making, using, offering for sale, selling, and/or importing certain of Apple's iPhone products.  Mobility denies the remaining allegations of Paragraph 151, including, but not limited to, specifically denying that the '161 patent is invalid and that Mobility is wrongfully asserting the '161 patent against Apple, thereby causing Apple any harm.

152.    Mobility denies each and every allegation of Paragraph 152.

153.    Mobility denies each and every allegation of Paragraph 153.

**SEVENTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 5,583,560**

154.    Counterclaim-Defendants repeat and reallege their responses to Paragraphs 83 through 153 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Counterclaim-Defendants, to the extent so required, admit that Apple so

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

responds to those paragraphs in Mobility's Complaint and deny any of Apple's allegations therein.

155.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,583,560 ("the '560 patent").  Counterclaim-Defendants admit that Apple alleges that a copy of the '560 patent is attached to its counterclaims as Exhibit E, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit E is a correct copy.  Counterclaim-Defendants admit that the face of the document Apple alleges is a copy of the '560 patent states that it is entitled "Method and Apparatus for Audio-Visual Interface for the Selective Display of Listing Information on a Display" and that it was issued on December 10, 1996.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 regarding the '560 patent, including any allegations regarding inventorship, and on that basis deny them.  To the extent such allegations are contained in Paragraph 155, Counterclaim-Defendants deny that the '560 patent is valid or enforceable.

156.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 156 and Footnote 1 thereto.

157.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 157.

158.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 158.

159.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 159.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

**EIGHTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 5,594,509**

160.    Counterclaim-Defendants repeat and reallege their responses to Paragraphs 83 through 159 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Counterclaim-Defendants, to the extent so required, admit that Apple so responds to those paragraphs in Mobility's Complaint and deny any of Apple's allegations therein.

161.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,594,509 ("the '509 patent").  Counterclaim-Defendants admit that Apple alleges that a copy of the '509 patent is attached to its counterclaims as Exhibit F, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit F is a correct copy.  Counterclaim-Defendants admit that the face of the document Apple alleges is a copy of the '509 patent states that it is entitled "Method and Apparatus for Audio-Visual Interface for the Display of Multiple Levels of Information on a Display" and that it was issued on January 14, 1997.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161 regarding the '509 patent, including any allegations regarding inventorship, and on that basis deny them.  To the extent such allegations are contained in Paragraph 161, Counterclaim-Defendants deny that the '509 patent is valid or enforceable.

162.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 162.

163.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 163.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

164.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 164.

165.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 165.

**NINTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 5,621,456**

166.    Counterclaim-Defendants repeat and reallege their responses to Paragraphs 83 through 165 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Counterclaim-Defendants, to the extent so required, admit that Apple so responds to those paragraphs in Mobility's Complaint and deny any of Apple's allegations therein.

167.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,621,456 ("the '456 patent").  Counterclaim-Defendants admit that Apple alleges that a copy of the '456 patent is attached to its counterclaims as Exhibit G, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit G is a correct copy.  Counterclaim-Defendants admit that the face of the document Apple alleges is a copy of the '456 patent states that it is entitled "Methods and Apparatus for Audio-Visual Interface for the Display of Multiple Program Categories" and that it was issued on April 15, 1997.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 regarding the '456 patent, including any allegations regarding inventorship, and on that basis deny them.  To the extent such allegations are contained in Paragraph 167, Counterclaim-Defendants deny that the '456 patent is valid or enforceable.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

168.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 168.

169.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 169.

170.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 170.

171.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 171.

**TENTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 6,282,646**

172.    Counterclaim-Defendants repeat and reallege their responses to Paragraphs 83 through 171 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Counterclaim-Defendants, to the extent so required, admit that Apple so responds to those paragraphs in Mobility's Complaint and deny any of Apple's allegations therein.

173.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 6,282,646 ("the '646 patent"). Counterclaim-Defendants admit that Apple alleges that a copy of the '646 patent is attached to its counterclaims as Exhibit H, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit H is a correct copy. Counterclaim-Defendants admit that the face of the document Apple alleges is a copy of the '646 patent states that it is entitled "System for Real-Time Adaptation to Changes in Display Configuration" and that it was issued on August 28, 2001. Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

18

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

allegations in Paragraph 173 regarding the '646 patent, including any allegations regarding inventorship, and on that basis deny them.  To the extent such allegations are contained in Paragraph 173, Counterclaim-Defendants deny that the '646 patent is valid or enforceable.

174.   Counterclaim-Defendants deny each and every allegation contained in Paragraph 174.

175.   Counterclaim-Defendants deny each and every allegation contained in Paragraph 175.

176.   Counterclaim-Defendants deny each and every allegation contained in Paragraph 176.

177.   Counterclaim-Defendants deny each and every allegation contained in Paragraph 177.

**ELEVENTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 7,380,116**

178.   Counterclaim-Defendants repeat and reallege their responses to Paragraphs 83 through 177 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Counterclaim-Defendants, to the extent so required, admit that Apple so responds to those paragraphs in Mobility's Complaint and deny any of Apple's allegations therein.

179.   Counterclaim-Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 7,380,116 ("the '116 patent").  Counterclaim-Defendants admit that Apple alleges that a copy of the '116 patent is attached to its counterclaims as Exhibit I, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit I is a correct copy.  Counterclaim-Defendants admit that the face of the document Apple alleges is

a copy of the '116 patent states that it is entitled "System for Real-Time Adaptation to Changes in Display Configuration" and that it was issued on May 27, 2008.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179 regarding the '116 patent, including any allegations regarding inventorship, and on that basis deny them.  To the extent such allegations are contained in Paragraph 179, Counterclaim-Defendants deny that the '116 patent is valid or enforceable.

180.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 180.

181.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 181.

182.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 182.

183.    Counterclaim-Defendants deny each and every allegation contained in Paragraph 183.

**TWELFTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 7,657,849**

184.    Counterclaim-Defendants repeat and reallege their responses to Paragraphs 83 through 183 above as if fully set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1-82 of its Answer and Counterclaims, Counterclaim-Defendants, to the extent so required, admit that Apple so responds to those paragraphs in Mobility's Complaint and deny any of Apple's allegations therein.

185.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 7,657,849 ("the '849 patent").  Counterclaim-Defendants admit that Apple

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

alleges that a copy of the '849 patent is attached to its counterclaims as Exhibit J, but lack

knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit J

is a correct copy.  Counterclaim-Defendants admit that the face of the document Apple alleges is

a copy of the '849 patent states that it is entitled "Unlocking a Device by Performing Gestures on

an Unlock Image" and that it was issued on February 2, 2010.  Counterclaim-Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 185 regarding the '849 patent, including any allegations regarding inventorship, and

on that basis deny them.  To the extent such allegations are contained in Paragraph 185,

Counterclaim-Defendants deny that the '849 patent is valid or enforceable.

186.  Counterclaim-Defendants deny each and every allegation contained in Paragraph 186.

187.  Counterclaim-Defendants deny each and every allegation contained in Paragraph 187.

188.  Counterclaim-Defendants deny each and every allegation contained in Paragraph 188.

189.  Counterclaim-Defendants deny each and every allegation contained in Paragraph 189.

## REQUEST FOR RELIEF

Counterclaim-Defendants deny each and every allegation contained in the Section of

Apple's Counterclaims headed "Request for Relief," including Apple's allegation that it is

entitled to or should be granted any relief in this matter, including any of the relief Apple seeks

in lettered paragraphs A through H.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Counterclaim-Defendants demand a trial by jury of this action.

### MOBILITY'S REPLY TO APPLE'S FOURTEENTH DEFENSE OF INEQUITABLE CONDUCT

### GENERAL DENIAL OF ALL AFFIRMATIVE DEFENSES

Unless expressly admitted below, Mobility denies each and every allegation Apple has set forth in its Affirmative Defenses, including, as set forth below, specifically denying the allegations contained in Apple's Fourteenth Defense regarding alleged inequitable conduct.

### RESPONSE TO APPLE'S SPECIFIC ALLEGATIONS

Answering the specific allegations of Apple's Fourteenth Defense, Mobility responds with the following paragraphs, which correspond sequentially to the paragraphs in Apple's Fourteenth Defense:

73.     Mobility denies each and every allegation of Paragraph 73, including specifically denying Apple's allegations of inequitable conduct.  Mobility specifically denies that Gene Eggleston, Mitch Hansen, and the prosecuting attorney for the '006 patent were aware of any material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists, including any allegation that U.S. Patent No. 5,513,126 to Harkins et al. ("Harkins") is prior art.

74.     Mobility admits that Eggleston and Hanson are named inventors on U.S. Patent Application No. 08/574,537 ("the '537 application").  Mobility further admits that the examiner reviewing the '537 application issued an office action rejecting all claims and listed Harkins on the examiner's Notice of References Cited.  Mobility denies each and every other allegation of Paragraph 74, including specifically denying that the inventors and prosecuting attorney had

knowledge regarding material prior art at least by April 24, 1997 or during the pendency of U.S. Patent Application No. 08/574,541 ("the '541 application") that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office Patent. Mobility further denies that Harkins constitutes prior art.

75.     Mobility admits that Hughes is listed as a prosecuting attorney on the '006 patent and the '531 patent. Mobility further admits that Eggleston and Hansen are the named inventors on the '531 patent. Mobility also admits that Harkins is listed on an Information Disclosure Statement related to the '531 patent. Mobility denies each and every other allegation of Paragraph 75, including specifically denying that the attorney responsible for prosecuting the '006 patent, as well as the named inventors of the '006 patent, had knowledge of material prior art at least by April 15, 1998 or during the pendency of the '541 application that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office. Mobility further denies that Harkins constitutes prior art.

76.     Mobility denies each and every allegation of Paragraph 76, including Apple's allegation that Eggleston, Hansen and Hughes knew that Harkins was material prior art to the '541 application and '006 patent "because Harkins discloses a 'Network Having Selectively Accessible Recipient Prioritized Communication Channel Profiles'" or because Harkins was identified to the Patent Office during prosecution of the '531 patent, and that they withheld, concealed, or mischaracterized any material prior art with the intent to deceive the Patent Office. Mobility further denies that Harkins constitutes prior art.

77.     Mobility admits that the '006 patent is currently undergoing an *ex parte* reexamination. Mobility states that the document at Exhibit D speaks for itself, and on that basis

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

denies Apple's allegations regarding it.  Mobility denies each and every remaining allegation of Paragraph 77, including Apple's allegations regarding the materiality of Harkins.

78.     Mobility denies each and every allegation of Paragraph 78, including specifically denying Apple's allegation that any inventions claimed in Harkins anticipate and/or render obvious the '006 patent.

79.     Mobility denies each and every allegation of Paragraph 79, including specifically denying Apple's allegations of inequitable conduct.  Mobility specifically denies that Gene Eggleston, Mitch Hansen, and the prosecuting attorney for the '006 patent failed to disclose Harkins during prosecution of the '006 patent with an intent to deceive the Patent Office or were aware of material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists.  Mobility further reincorporates its response to Paragraph 76, including specifically denying that Eggleston, Hansen, and Hughes knew that Harkins was material prior art to the '541 application and '006 patent "because Harkins discloses a 'Network Having Selectively Accessible Recipient Prioritized Communication Channel Profiles'" or because Harkins was identified to the Patent Office during prosecution of the '531 patent and that they withheld, concealed, or mischaracterized any material prior art with the intent to deceive the Patent Office.

80.     Any allegations contained in Paragraph 80 constitute legal conclusions, and on that basis, to the extent that a response is required, Mobility denies each and every allegation in Paragraph 80.

81.     Mobility lacks information sufficient to form a belief regarding the allegations contained in Paragraph 81, and on that basis denies each and every allegation in Paragraph 81.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

82.     Mobility denies each and every allegation of Paragraph 82, including, but not limited to, specifically denying Apple's allegations that the '006 patent is unenforceable or that the named inventors and prosecuting attorneys committed fraud on the Patent Office or any inequitable conduct by withholding, concealing, or mischaracterizing any material prior art with the intent to deceive the Patent Office.

## COUNTERCLAIM-DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Counterclaim-Defendants assert the following affirmative and other defenses set forth below, and in making such defenses do not concede that they bear the burden of proof as to any of them.  Discovery has not yet begun in this matter, and, therefore, Counterclaim-Defendants have not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein.  Accordingly, Counterclaim-Defendants reserve the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this matter.

## FIRST DEFENSE AND AFFIRMATIVE DEFENSE
### (Invalidity)

Upon information and belief, and without prejudice to further amendment upon information found during discovery, each asserted claim of the patents asserted by Apple is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

## SECOND DEFENSE AND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Counterclaim-Defendants have not and do not infringe any claim of the patents asserted by Apple.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

### THIRD DEFENSE AND AFFIRMATIVE DEFENSE
#### (Prosecution History Estoppel)

Upon information and belief, by reason of the proceedings in the U.S. Patent and

Trademark Office ("USPTO") during the prosecution of the applications resulting in the issuance

of the patents asserted by Apple, namely, the admissions, representations, and amendments made

on behalf of the applicants for those patents, Apple is estopped from extending the coverage of

the asserted claims in the asserted patents, including under the doctrine of equivalents, to cover

the accused instrumentalities.

### FOURTH DEFENSE AND AFFIRMATIVE DEFENSE
#### (Acquiescence, Estoppel, Waiver, or Laches)

Upon information and belief, Apple has made claims that are barred in whole or in part

by the doctrines of acquiescence, estoppel, laches, or waiver.

### FIFTH DEFENSE AND AFFIRMATIVE DEFENSE
#### (35 U.S.C. § 287 – Failure to Mark)

Upon information and belief, Apple's pre-lawsuit claims for damages as to the asserted

patents are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

### SIXTH DEFENSE AND AFFIRMATIVE DEFENSE
#### (28 U.S.C. § 1498)

Upon information and belief, Mobility may sell and/or offer for sale in the United States

the accused instrumentalities to the United States government or to third parties who sell the

accused instrumentalities to the United States government.  Mobility therefore is entitled to

assert 28 U.S.C. § 1498 as a defense to Apple's allegations.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

### SEVENTH DEFENSE AND AFFIRMATIVE DEFENSE
**(Failure to State a Claim Upon Which Relief Can Be Granted)**

Upon information and belief, Apple has failed to state a claim against either Counterclaim-Defendant upon which relief may be granted.

### EIGHTH DEFENSE AND AFFIRMATIVE DEFENSE
**(Reservation of Remaining Defenses)**

Counterclaim-Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### MOTOROLA, INC AND MOTOROLA MOBILITY, INC'S JOINT COUNTERCLAIMS

1.       Counterclaim-Plaintiffs Motorola, Inc. ("Motorola") and Motorola Mobility, Inc. ("Mobility"), for their joint counterclaims against Counterclaim-Defendant Apple, Inc. ("Apple") allege as follows:

### PARTIES

2.       Motorola, Inc. is a corporation organized under the laws of Delaware with its principle place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.  Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola, Inc.

3.       In its counterclaims, Apple Inc. alleges that it is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

## JURISDICTION AND VENUE

4.      These are counterclaims for Declaratory Relief for which this Court has jurisdiction under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.

5.      This Court has personal jurisdiction over Apple by virtue of the counterclaims Apple filed in this Court and Apple's significant contacts with this forum.  On information and belief, Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in the Southern District of Florida and the Counterclaim-Plaintiffs' claims arise out of those acts.  On information and belief, Apple, directly and/or through its distribution network, places devices within the stream of commerce, with the knowledge and/or understanding that such devices will be sold in the Southern District of Florida.  Moreover, on information and belief, Apple operates retail stores within the Southern District of Florida and expects or should reasonably expect its actions to have consequences in the Southern District of Florida.  On information and belief, Apple has operated, conducted, conducted, engaged in, or carried on a business or business venture in this State or has an office or agency in this State and Apple had committed tortious acts within this State and that causes of action herein arise from these acts. Upon information and belief, Apple has engaged in substantial and not isolated activity within this State.  Apple also has a registered agent for the purposes of, *inter alia*, accepting service of process and thus it lacks any objection to this Court's personal jurisdiction. Therefore, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Florida long-arm statute, Fla. Stat. § 48.193.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

## COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,583,560

7.      Motorola and Mobility incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

8.      By the filing of its counterclaims, Apple has purported to assert claims against Motorola and Mobility for the alleged infringement of U.S. Patent No. 5,583,560 ("the '560 patent") .

9.      Motorola and Mobility deny Apple's infringement allegations.

10.     The claims of the '560 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103 and/or 112 *et seq*.

11.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Motorola/Mobility as to the infringement and validity of the '560 patent.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Motorola and Mobility are entitled to a judgment finding that the '560 patent is not infringed by any of Motorola's or Mobility's products, services, or processes and that every claim of the '560 patent is invalid.

## COUNTERCLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,594,509

13.     Motorola and Mobility incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

14.     By the filing of its counterclaims, Apple has purported to assert claims against Motorola and Mobility for the alleged infringement of U.S. Patent No. 5,594,509 ("the '509 patent").

15.     Motorola and Mobility deny Apple's infringement allegations.

16.     The claims of the '509 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103 and/or 112 *et seq.*

17.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Motorola/Mobility as to the infringement and validity of the '509 patent.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Motorola and Mobility are entitled to a judgment finding that the '509 patent is not infringed by any of Motorola's or Mobility's products, services, or processes and that every claim of the '509 patent is invalid.

## COUNTERCLAIM III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,621,456

19.     Motorola and Mobility incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

20.     By the filing of its counterclaims, Apple has purported to assert claims against Motorola and Mobility for the alleged infringement of U.S. Patent No. 5,621,456 ("the '456 patent").

21.     Motorola and Mobility deny Apple's infringement allegations.

22.     The claims of the '456 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103 and/or 112 *et seq.*

23.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Motorola/Mobility as to the infringement and validity of the '456 patent.

24.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Motorola and Mobility are entitled to a judgment finding that the '456 patent is not infringed by

any of Motorola's or Mobility's products, services, or processes and that every claim of the '456 patent is invalid.

## COUNTERCLAIM IV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,282,646

25.     Motorola and Mobility incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

26.     By the filing of its counterclaims, Apple has purported to assert claims against Motorola and Mobility for the alleged infringement of U.S. Patent No. 6,282,646 ("the '646 patent").

27.     Motorola and Mobility deny Apple's infringement allegations.

28.     The claims of the '646 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103 and/or 112 *et seq.*

29.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Motorola/Mobility as to the infringement and validity of the '646 patent.

30.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Motorola and Mobility are entitled to a judgment finding that the '646 patent is not infringed by any of Motorola's or Mobility's products, services, or processes and that every claim of the '646 patent is invalid.

## COUNTERCLAIM V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,380,116

31.     Motorola and Mobility incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

32.     By the filing of its counterclaims, Apple has purported to assert claims against Motorola and Mobility for the alleged infringement of U.S. Patent No. 7,380,116 ("the '116 patent").

33.     Motorola and Mobility deny Apple's infringement allegations.

34.     The claims of the '116 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103 and/or 112 *et seq.*

35.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Motorola/Mobility as to the infringement and validity of the '116 patent.

36.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Motorola and Mobility are entitled to a judgment finding that the '116 patent is not infringed by any of Motorola's or Mobility's products, services, or processes and that every claim of the '116 patent is invalid.

## COUNTERCLAIM VI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,657,849

37.     Motorola and Mobility incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

38.     By the filing of its counterclaims, Apple has purported to assert claims against Motorola and Mobility for the alleged infringement of U.S. Patent No. 7,657,849 ("the '849 patent").

39.     Motorola and Mobility deny Apple's infringement allegations.

40.     The claims of the '849 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103 and/or 112 *et seq.*

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

41.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Motorola/Mobility as to the infringement and validity of the '849 patent.

42.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Motorola and Mobility are entitled to a judgment finding that the '849 patent is not infringed by any of Motorola's or Mobility's products, services, or processes and that every claim of the '849 patent is invalid.

### DEMAND FOR JURY TRIAL

43.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola and Mobility demand a trial by jury of this action.

### JOINT REQUEST FOR RELIEF ON COUNTERCLAIMS I-VI

44.     WHEREFORE, Motorola and Mobility respectfully pray for relief as follows:

A.     For a Declaratory Judgment that the '560, '509, '456, '646, '116, and '849 patents, and each and every asserted claim thereof, are invalid and not infringed;

B.     That Apple's counterclaims be dismissed with prejudice, with Apple taking nothing;

C.     That pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and/or other applicable authority, Apple be ordered to pay all of Motorola's and Mobility's reasonable attorneys' fees incurred in defending against Apple's claims;

D.     That Motorola and Mobility be awarded such other relief as the Court deems just and equitable.

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

Dated:  December 13, 2010

Respectfully submitted,

/s/Edward M. Mullins
Edward M. Mullins
Fla. Bar No. 863920
emullins@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, FL  33131
Telephone: (305) 372-8282
Facsimile: (304) 372-8202
*Attorneys for Motorola Mobility, Inc. and
   Motorola, Inc.*

*Of Counsel*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
QUINN EMANUEL URQUHART &
      SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Edward J. DeFranco
eddefranco@quinnemanuel.com
QUINN EMANUEL URQUHART &
      SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

David A. Nelson
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
      SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL  60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or; in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar No. 863920)

CASE NO. 1:10-23580-CIV-UNGARO/Simonton

**SERVICE LIST**
*Motorola Mobility, Inc. v. Apple, Inc.*
Case No.: 1:10-23580-CIV-UNGARO/Simonton
United States District Court, Southern District of Florida

Edward M. Mullins
emullins@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

*Attorneys for Motorola Mobility, Inc. and
Motorola, Inc.*
Electronically served via CM/ECF

*Of Counsel:*
Mark D. Baker
markbaker@quinnemanuel.com
Edward J. DeFranco
eddefranco@quinnemanuel.com
Alexander Rudis
alexanderrudis@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849-7000 / Fax: (212) 849-7100

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Tel.: (415) 875-6600 / Fax: (415) 875-6700

David A. Nelson
davenelson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
*Attorneys for Motorola Mobility, Inc. and
Motorola, Inc.*
Electronically served via CM/ECF

Christopher R.J. Pace
christopher.pace@weil.com
Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

*Attorneys for Apple, Inc.*
Electronically served via CM/ECF

*Of Counsel:*
Nathan A. Greenblatt
nathan.greenblatt@weil.com
Steven S. Cherensky
steven.cherensky@weil.com
Jill J. Ho
jill.ho@weil.com
Jacqueline T. Harlow
jackie.harlow@weil.com
Anne M. Cappella
anne.cappella@weil.com
Weil, Gotshal & Manges, LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Patricia Young
patricia.young@weil.com
Jenny C. Wu
Jenny.wu@weil.com
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Apple, Inc.*
Electronically served via CM/ECF