UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.10-23580-Civ-UU

MOTOROLA MOBILITY, INC.,

    Plaintiff,

v.

APPLE INC.,

    Defendant.

_____/

## ORDER GRANTING MOTION TO STRIKE

THIS CAUSE is before the Court upon the Defendant/Counterplaintiff Apple Inc.'s ("Apple") Motion to Strike Motorola's Supplemental Infringement Contentions (D.E. 178) .

THE COURT has considered the Motion, Motorola's Response (D.E. 185), and Apple's Reply (D.E. 197). Additionally, the Court has considered Motorola's Motion for Miscellaneous Relief (D.E. 191), in which it seeks oral argument on the Motion and Apple's Response (D.E. 196). The Court has reviewed the pertinent portions of the record, and is otherwise fully advised in the premises.

Apple moves the Court to strike Motorola's supplemental infringement contentions (D.E. 164), filed on October 28, 2011. Apple relies on the Court's Scheduling Order (D.E. 88). In the Scheduling Ordering, the Court clearly set June 1, 2011, as the deadline for the disclosure of infringement contentions.

Motorola responds with several unpersuasive arguments. First, it notes that the Scheduling Order never describes the deadline as a "final" deadline. Here, Motorola rested on a false

presumption–namely that court-issued deadlines are "preliminary" unless otherwise indicated. The opposite is the case. Otherwise, the Court would rarely–if ever–have the ability to manage its cases under Fed. Rule Civ. P. 16. Second, Motorola argues that Apple's conduct gave Motorola the impression that the infringement contentions could be supplemented after the June 1, 2011, deadline. However, under Fed. Rule Civ. P. 16(b)(4), the Court's consent is necessary to modify a Scheduling Order. So even if Apple agreed to extend the deadline at issue–which Apple insists it did not (D.E. 197)–the parties would have needed to motion the Court and show "good cause." Third, Motorola points for support to the manner in which the parallel Wisconsin litigation between the same parties has been managed by that district court and to *Biax Corp. v. Nvidia Corp.*, 2011 WL 441470 (February 8, 2011, D. Colo.). Yet in the Wisconsin litigation, as Apple notes in reply, "the Court never required the parties to exchange element-by-element infringement contentions." (D.E. 197, p. 3). Rather the district court in Wisconsin ordered the parties to provide a products' list that corresponded with each asserted patent claim. This is not the same as the deadline in the present case which was embedded in the Scheduling Order. Further, in *Biax*, the Magistrate Judge considered whether a party could supplement its infringement contentions "without the benefit of concrete rules governing the disclosure of infringement contentions in patent cases." *Id.*, at *5. In the present case, the Court analyzes the deadline for infringement disclosure in view of the deadlines set forth in the Scheduling Order. Finally, Motorola claims that maintaining the June 1, 2011, deadline undermines the logic of the January 17, 2012, discovery deadline, which it contends will be unaffected if the Court allows the supplementation. It is the logic of Motorola's argument that the Court finds wanting. Given that the discovery deadline is only five weeks from now, the more likely scenario is that Apple will seek additional discovery and a corresponding extension of the

other deadlines in the Scheduling Order if the supplemental contentions are allowed to stand. The Court does not find reason to recast discovery as a period when the parties are free to locate new infringement contentions, potentially delaying for an untold duration the ultimate trial. Furthermore, if Motorola believed that there was "good cause" to modify the Schedule Order, it could have moved the Court to do so–a road that Motorola did not take. (*See* D.E. 185, p. 14).

In sum, Motorola has not presented any arguments that convince the Court to ignore the plain language of Fed. R. Civ. P. 16, which authorizes a district judge to enter a scheduling order in order to "expedit[e] disposition of the action" and to "establish[] early and continuing control so that the case will not be protracted." Motorola acknowledges the effect of an order striking its supplement infringement contentions. Such an outcome would cause Motorola "to file an entirely new case against Apple." (D.E. 185, p. 16). This hardly strikes the Court as "prejudice," even if prejudice were a consideration in enforcing the deadlines contained in the Scheduling Order. Motorola has already filed several cases against Apple, without any apparent connection between the particular patent claims asserted in each one. It should go without saying that the filing fees associated with brining a new action–while a considerable burden to some litigants–are not substantial to a large Motorola.

Accordingly, it is hereby

ORDERED AND ADJUDGED the Motion (D.E. 178) is GRANTED. It is FURTHER ORDERED AND ADJUDGED that Motion (D.E. 191) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _6th__ day of December, 2011.

*[signature]*

_____

UNITED STATES DISTRICT JUDGE

copies provided: counsel of record