**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:10cv023580-Civ-RNS-TEB**

| | |
|---|---|
| MOTOROLA MOBILITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. <br><br> APPLE INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> MOTOROLA, INC. and <br> MOTOROLA MOBILITY, INC., <br><br> Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**APPLE INC.'S MOTION TO COMPEL RESPONSES TO
INTERROGATORIES REGARDING SET-TOP BOX PATENTS (NOS. 19-22)**

**MOTION AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 26.1, Apple Inc. ("Apple") respectfully moves this Court to compel Motorola Mobility, Inc. and Motorola Solutions, Inc. (collectively "Motorola") to supplement its responses to Apple's Interrogatories Regarding Set-Top Box Patents (Nos. 19-22).

## I.     INTRODUCTION

Apple's Interrogatory Nos. 19-22 seek core information needed to prove its infringement allegations with respect to U.S. Patent Nos. 5,583,560, 5,594,509, and 5,621,456 (collectively, "set-top box patents" or "STB patents"). Specifically, Apple seeks information relating to the joint development, testing, and other work relating to providing end-users with Motorola set-top boxes ("STBs") that include interactive program guides ("IPGs"). Such joint development work lies at the heart of Apple's indirect infringement case. While certain documents that Motorola has produced show that Motorola is in possession of responsive information, it failed to substantively answer Interrogatory Nos. 19-22 and it refuses to supplement its responses.

Moreover, Motorola's refusal is contrary to its prior representations that it would provide information responsive to Apple's third-party discovery, in order to lessen the discovery demands on Motorola's clients. Indeed, based on this representation, Apple agreed with the subpoenaed third parties that it would instead seek this information directly from Motorola. Now with the close of fact discovery near, Motorola refuses to provide the very information it promised, severely prejudicing Apple. Apple requests that this Court compel Motorola to immediately provide complete interrogatory responses.[1]

## II.     STATEMENT OF FACTS

In this case, Motorola has accused Apple of infringing six of its patents, and Apple has counter-claimed, asserting six of its own patents, including three patents relating to

---

[1] While an Order to compel discovery appears appropriate at this point, Apple requests that this Court consider other remedies if the prejudice from Motorola's conduct is not cured.

STBs and IPGs.  D.E. 1 [Compl.] at 1; D.E. 68-1 [Am. Answer] at 30-35.  This motion relates to Apple's STB patents.

For over six months now, Motorola has been on notice that Apple alleges that Motorola directly infringes its STB patents by "testing" its STBs with IPGs and indirectly infringes by, *e.g.*, joint development activities and providing "technical support" to cable providers relating to IPGs.  *See, e.g.*, Declaration of Jill J. Ho in Support of Motion to Compel [hereinafter "Ho Decl."] at ¶ 2; Ex. A; *see also* D.E. 161.  Apple served its Third Set of Interrogatories, including Interrogatory Nos. 19-22, on November 14, 2011 to obtain the underlying evidence to prove these allegations.  *See* Ho Decl. Ex. B.  Motorola served its responses on December 19, 2011, but failed to provide substantive answers.  *See* Ho Decl. Exs. C & D.[2]  Despite repeated requests for supplementation, Motorola still refuses to provide information responsive to these requests.

Motorola's refusal to supplement its responses to interrogatories is contrary to Motorola's express promise to substantively supplement by January 17, 2012[3] as well as its repeated representations to Apple that it would provide the discovery Apple requested in its subpoenas to various cable companies that are clients of Motorola.  Indeed, shortly after Apple served its subpoenas on those cable providers, counsel for Motorola requested a meet and confer to discuss how Apple's discovery requests "may be addressed by Motorola rather than the subpoenaed third-parties."  *See* Ho Decl. at ¶¶ 6-7; Ex. F.  In subsequent meet and confers, Motorola assured Apple that it would provide the requested discovery so Apple would not need to bother Motorola's clients for such information.  Ho Decl. at ¶¶ 8-10; Ex. G.  This was consistent with similar representations made by Motorola to the subpoenaed cable companies.  Ho Decl. at ¶ 11.  In reliance on those representations, Apple declined to pursue the cable

---

[2] Motorola Mobility and Motorola's Solutions served nearly identical interrogatory responses.

[3] While Motorola initially proposed that the parties exchange supplemental interrogatory responses by December 16, 2011, this deadline was eventually extended to January 17, 2012 by subsequent agreements between the parties with the understanding that Motorola would substantively respond to the discovery requests.  *See* Ho Decl. ¶¶ 9, 12, 14-17; Exs. L-R.

company subpoenas, but reserved its rights to do so if Motorola did not fulfill its promises. Ho Decl. at ¶ 11; Exs. H-K.

Separately, Motorola agreed to supplement its interrogatory responses, specifically including its responses to Apple's Interrogatory Nos. 19-22. Ho Decl. at Ex. G; *see also id.* at ¶¶ 15-16; Exs. P & Q. Notwithstanding this agreement, Motorola subsequently reneged and only served supplemental responses for Interrogatory Nos. 1, 3, 9, 11, 16, and 17, *i.e.*, only six of the fourteen interrogatories it had promised to supplement. Ho Decl. at ¶ 19; Ex. T. Notably, Motorola did not even supplement Interrogatory Nos. 8 & 13, which counsel had previously stated Motorola was ready to supplement as of December 21, 2011. Ho Decl. Ex. M. When the parties met and conferred in satisfaction of Local Rule 7.1(a)(3), Motorola informed Apple that it would not be supplementing its responses to Apple's Interrogatories Nos. 19-22, in part because it believed that its agreement to provide information responsive to Apple's subpoenas concerning the STB patents had been limited to documents. *Id.* at ¶¶ 20-21.[4]

### III. STATEMENT OF DISPUTED DISCOVERY, RESPONSES, AND ARGUMENT

#### A. Interrogatory No. 19

1. Verbatim Statement of Apple's Discovery Request

Identify each cable service provider that is or has been a party to a license, service, or other agreement with Motorola and provide a narrative description of the relationship between Motorola and each such cable service provider.

2. Verbatim Statement of Motorola's Response

Mobility incorporates its Preliminary Statement and General Objections set forth above as though set forth fully herein. Mobility objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the

---

[4] Apple is continuing to meet and confer with Motorola regarding its production of all relevant third-party agreements and other core documents. Despite raising these issues on January 3, 2012 and repeatedly following up, Motorola has not yet provided substantive responses addressing these deficiencies. For example, Motorola has not produced (1) the major agreements that cover its sales of the set-top boxes or (2) the internal documents that Motorola specifications and source code reference and are necessary to fully understand the set-top boxes. Ho Decl. Exs. U-W, While Apple will attempt to cure these deficiencies through continued discussions with Motorola, with the fact discovery cut-off near, these omissions may prevent Apple from building its case.

joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Mobility further objects to this interrogatory to the extent it calls for a legal conclusion or presents a question of law. For example, providing "a narrative description of the relationship between Motorola and each such cable service provider" requires legal interpretation of the agreements between Mobility and any such cable service provider. To the extent this interrogatory calls for expert testimony or opinion, Mobility objects that this interrogatory is premature in light of the Court's Order on Joint Motion for Amended Scheduling Order, which set the deadline for opening and rebuttal expert reports for January 27, 2012 and February 24, 2012, respectively. *See* Docket Entry No. 113. Mobility further objects that this interrogatory is overly broad, unduly burdensome and not relevant to the claims or defenses of any party to the extent it is not limited to the asserted claims. Mobility further objects to this interrogatory to the extent it seeks information from third parties, or which is protected from disclosure by agreement, or which is outside of Mobility's possession, custody, or control.

Mobility further objects to the lack of a lower limit as to the temporal scope of this interrogatory and to the lack of geographic scope in this interrogatory – it requests the identity of each cable service provider with which Mobility has ever had any type of agreement. Mobility also objects that this interrogatory is unduly burdensome because it comprises at least three distinct interrogatories. Mobility objects to this interrogatory to the extent that Apple seeks to add theories and evidence in a manner inconsistent with the relief it sought and was granted in connection with its Motion to Strike Motorola's Supplemental Infringement Contentions. *See* Dockets Entry Nos. 178, 198.

Mobility has not yet completed its discovery and investigation of the facts relating to this interrogatory. Mobility will supplement this response at the appropriate time and as its investigation continues, in accordance with Federal Rule of Civil Procedure 26(e) and the schedule ordered by the Court.

      3.     Reasons in Support of Motion

Because Motorola refuses to confirm which cable providers with which it has agreements, and the nature of those relationships, Motorola's response is incomplete under FRCP 37(a)(4). This interrogatory seeks information relevant to Apple's indirect infringement theory, namely, that Motorola assists the cable providers in providing its STBs with IPGs. Motorola refuses to provide any information regarding these relationships—despite its own documents showing that their cooperation involves testing the IPGs, integrating the IPGs with the firmware, and assistance in installing the IPGs (via downloads). For example:

4

To prove inducement, Apple must show that Motorola promotes or encourages infringement by others. Motorola's actions described above are thus highly relevant because they show, *inter alia*, (1) Motorola corroborates with the cable providers to "integrate" the IPG on its STBs; and (2) Motorola assists the cable providers in downloading the IPGs onto its STBs.

Despite the above documents showing Motorola's extensive relationships with cable providers and Motorola's earlier assurances of having this information, Motorola did not answer this interrogatory by identifying the cable providers it has agreements with, provide representative descriptions, or even provide a description of its relationship with Comcast (the largest cable provider and the provider that is the subject of Apple's infringement contentions).

### B. <u>Interrogatory No. 20</u>

#### 1. Verbatim Statement of Apple's Discovery Request

Identify with specificity, each and every Motorola set-top box manufactured, used, distributed, sold, offered for sale, or imported with an interactive program guide, by or on behalf of Motorola, including without limitation the model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used to identify such Motorola set-top boxes, and including any associated hardware, such as remote control devices.

#### 2. Verbatim Statement of Motorola's Response

Mobility incorporates its Preliminary Statement and General Objections set forth above as though set forth fully herein. Mobility objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Mobility further objects to this interrogatory to the extent it calls for a legal conclusion or presents a question of law. To the extent this interrogatory calls for expert testimony or opinion, Mobility objects that this interrogatory is premature in light of the Court's Order on Joint Motion for Amended Scheduling Order, which set the deadline for opening and rebuttal expert reports for January 27, 2012 and February 24, 2012, respectively. *See* Docket Entry No. 113. Mobility further objects that this interrogatory is overly

5

broad, unduly burdensome and not relevant to the claims or defenses of any party to the extent it is not limited to the asserted claims.

Mobility further objects to this interrogatory because it lacks both a lower limit as to temporal scope and any limit as to geographic scope. Mobility also objects to this interrogatory because the terms "set-top box . . . with an interactive program guide" and "interactive program guide" are undefined, vague and ambiguous in the context of this interrogatory. Mobility also objects that this interrogatory is unduly burdensome because it comprises multiple distinct interrogatories. Mobility objects to this interrogatory to the extent that Apple seeks to add theories and evidence in a manner inconsistent with the relief it sought and was granted in connection with its Motion to Strike Motorola's Supplemental Infringement Contentions. *See* Dockets Entry Nos. 178, 198.

Subject to and without waiving its General Objections and the foregoing specific objections, Mobility states as follows:

As detailed above, Apple does not provide a definition for what is a "set-top box . . . with an interactive program guide." To the extent Apple means the hardware of the asserted claims of U.S. Patent Nos. 5,583,560, 5,594,509, and 5,621,456, Mobility has not manufactured, used, distributed, sold, offered for sale, or imported any such products or systems. In addition, Mobility has not sold in the United States set top boxes that include a program guide of any type.

Mobility has not yet completed its discovery and investigation of the facts relating to this interrogatory. Mobility will supplement this response at the appropriate time and as its investigation continues, in accordance with Federal Rule of Civil Procedure 26(e) and the schedule ordered by the Court.

      3.      Reasons in Support of Motion

Because it refuses to identify which of its STBs were used and/or distributed with an IPG, Motorola's response is incomplete under FRCP 37(a)(4). This interrogatory seeks information including Motorola's testing of its STBs with IPGs. But Motorola attempts to modify the interrogatory and responds only regarding its hardware. That was not the question, and Motorola's own documents show that it tests (either itself or others on its behalf) its STBs in conjunction with IPGs. For example:

This interrogatory also seeks information relating to the distribution of Motorola STBs that include an IPG. Motorola appears to be playing word games in an attempt to avoid answering this interrogatory. Motorola's documents show Motorola's involvement in providing end-users with its STBs that include IPGs:

Motorola's activities with respect to testing and distribution of the IPGs on its boxes are relevant to Apple's infringement case. It is improper for Motorola to hide behind word games and redefine the interrogatory to avoid providing responsive information.

### C. Interrogatory No. 21

1. Verbatim Statement of Apple's Discovery Request

For each Motorola set-top box and associated hardware identified in response to Interrogatory No. 20 above, identify with specificity each entity who is or has been involved with the research, engineering, design, development, implementation, revision, support, or provision of any version of the IPGs running on such Motorola set-top boxes, including without limitation the name and location of each such entity, its relationship with Motorola, and a narrative description of its involvement.

2. Verbatim Statement of Motorola's Response

Mobility incorporates its Preliminary Statement and General Objections set forth above as though set forth fully herein. Mobility objects to this

interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Mobility further objects to this interrogatory to the extent it calls for a legal conclusion or presents a question of law. For example, identifying Mobility's "relationship" with the entities described in this interrogatory calls for legal conclusions and presents questions of law. To the extent this interrogatory calls for expert testimony or opinion, Mobility objects that this interrogatory is premature in light of the Court's Order on Joint Motion for Amended Scheduling Order, which set the deadline for opening and rebuttal expert reports for January 27, 2012 and February 24, 2012, respectively. See Docket Entry No. 113. Mobility further objects that this interrogatory is overly broad, unduly burdensome and not relevant to the claims or defenses of any party to the extent it is not limited to the asserted claims. Mobility objects to this interrogatory because the terms "relationship", "involvement", "interactive program guides" and "interactive program guides running on such Motorola set-top boxes" are undefined, vague and ambiguous in the context of this interrogatory. Mobility also objects that this interrogatory is unduly burdensome because it comprises at least three distinct interrogatories. Mobility objects to this interrogatory to the extent that Apple seeks to add theories and evidence in a manner inconsistent with the relief it sought and was granted in connection with its Motion to Strike Motorola's Supplemental Infringement Contentions. *See* Dockets Entry Nos. 178, 198.

Subject to and without waiving its General Objections and the foregoing specific objections, Mobility states as follows:

As detailed above, Apple does not provide a definition for what are "interactive program guides running on such Motorola set-top boxes." To the extent Apple means the hardware of the asserted claims of U.S. Patent Nos. 5,583,560, 5,594,509, and 5,621,456, Mobility has not manufactured, used, distributed, sold, offered for sale, or imported any such products or systems. In addition, Mobility has not sold in the United States set top boxes that include a program guide of any type.

Mobility has not yet completed its discovery and investigation of the facts relating to this interrogatory. Mobility will supplement this response at the appropriate time and as its investigation continues, in accordance with Federal Rule of Civil Procedure 26(e) and the schedule ordered by the Court.

3.  Reasons in Support of Motion

Because it refuses to identify which entities are involved in the testing, etc., of the STBs requested by Interrogatory No. 20, Motorola's response is incomplete under FRCP 37(a)(4). For the same reasons set forth above for Interrogatory Nos. 19-20, the information sought by this interrogatory is highly relevant. Here, Motorola's refusal to answer is even more blatant—as Motorola's own documents cited above show its intimate involvement in ensuring that its end-users receive STBs that properly work with the IPGs, from the original integration of the firmware, through testing, and finally assisting the cable providers in downloading the IPGs

8

onto the STBs. Motorola can identify the entities responsive to this request.

### D. Interrogatory No. 22

1. Verbatim Statement of Apple's Discovery Request

For each Motorola set-top box and associated hardware identified in response to Interrogatory No. 20 above, identify with specificity, including as appropriate the internal and external part name and number, model name or number, manufacturer, source, supplier, file name(s), directory name(s), and any version number, each microchip, microprocessor, microcontroller, chipset, software, firmware, source code or other component that implements, supports, or provides interactive program guide functions, including without limitation mechanisms for obtaining television programming information from a source signal, television programming listing displays, picture-in-picture displays, program reminder mechanisms, program marking mechanisms, and recording mechanisms.

2. Verbatim Statement of Motorola's Response

Mobility incorporates its Preliminary Statement and General Objections set forth above as though set forth fully herein. Mobility objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Mobility further objects to this interrogatory to the extent it calls for a legal conclusion or presents a question of law. For example, the term "implements, supports, or provides interactive program guide functions" calls for legal conclusions and presents multiple questions of law. To the extent this interrogatory calls for expert testimony or opinion, Mobility objects that this interrogatory is premature in light of the Court's Order on Joint Motion for Amended Scheduling Order, which set the deadline for opening and rebuttal expert reports for January 27, 2012 and February 24, 2012, respectively. See Docket Entry No. 113. Mobility further objects that this interrogatory is overly broad, unduly burdensome and not relevant to the claims or defenses of any party to the extent it is not limited to the asserted claims. Mobility objects to this interrogatory because the terms "interactive program guide" and "Motorola set-top box and associated hardware . . . that implements, supports, or provides interactive program guide functions" are undefined, vague and ambiguous in the context of this interrogatory. Mobility also objects that this interrogatory is unduly burdensome because it comprises multiple distinct interrogatories. Mobility objects to this interrogatory to the extent that Apple seeks to add theories and evidence in a manner inconsistent with the relief it sought and was granted in connection with its Motion to Strike Motorola's Supplemental Infringement Contentions. *See* Dockets Entry Nos. 178, 198.

Subject to and without waiving its General Objections and the foregoing specific objections, Mobility states as follows:

As detailed above, Apple does not provide a definition for what is a "Motorola set-top box and associated hardware . . . that implements, supports, or provides interactive program guide functions." To the extent Apple means the hardware of the asserted claims of U.S. Patent Nos. 5,583,560, 5,594,509, and 5,621,456, Mobility has not manufactured, used, distributed, sold, offered for sale,

9

or imported any such products or systems. In addition, Mobility has not sold in the United States set top boxes that include a program guide of any type.

Mobility has not yet completed its discovery and investigation of the facts relating to this interrogatory. Mobility will supplement this response at the appropriate time and as its investigation continues, in accordance with Federal Rule of Civil Procedure 26(e) and the schedule ordered by the Court.

3.  Reasons in Support of Motion

Because it refuses to identify the model and other information of the STBs requested by Interrogatory No. 20, Motorola's response is incomplete under FRCP 37(a)(4). For the same reasons set forth above for Interrogatories Nos. 19-21, the information sought by this interrogatory is highly relevant. For example, the Motorola hardware that the IPG software uses to enable its functions is clearly relevant to whether Motorola is inducing infringement.

Motorola cannot deny that it "integrates" IPGs with its firmware, receives payment to host IPG makers, and works with IPG makers and cable providers in assisting in the installation and implementation of the IPGs. Motorola can surely identify what STBs that it, the cable providers, and the IPG makers are using as well as the requested hardware elements.

## IV.  CONCLUSION

Motorola's tactics are severely prejudicing Apple, and Apple requests this Court to immediately compel Motorola to provide complete answers to Interrogatory Nos. 19-22.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for Apple has conferred with counsel for Motorola in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: January 30, 2012                    Respectfully submitted,

   */s/ Christopher R. J. Pace* _____
Christopher R. J. Pace
christopher.pace@weil.com
Edward Soto

WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

*Attorneys for Apple Inc.*

*Of Counsel:*
Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650-802-6000
Facsimile: 650-802-6001

Jill J. Ho
jill.ho@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Mark G. Davis
mark.davis@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Robert T. Haslam
rhaslam@cov.com
 COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone:  (650) 632-4700
Facsimile:  (650) 632-4800

Robert D. Fram
rfram@cov.com
Christine Saunders Haskett
chaskett@cov.com
Samuel F. Ernst
sernst@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

                                                */s/ Christopher R. J. Pace*
                                                Christopher R. J. Pace (Fla. Bar No. 0721166)

**SERVICE LIST**
**Motorola Mobility, Inc. versus Apple Inc.**
**Case No. 1:10cv023580-Civ-RNS**
**United States District Court, Southern District of Florida**

Edward M. Mullins
Fla. Bar No. 863920
emullins@astidavis.com
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

*Of Counsel:*
Charles K. Verhoeven
David A. Perlson
Anthony Pastor
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 93111
(415) 875-6600

Raymond N. Nimrod
Edward J. DeFranco
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

David A. Nelson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
(312) 705-7400

Moto-Apple-SDFL@quinnemanuel.com

*Attorneys for Motorola Mobility, Inc. and Motorola, Inc.*
Electronically served via email