## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:10cv023580-Civ-RNS-TEB

| | |
|---|---|
| MOTOROLA MOBILITY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | **JURY TRIAL DEMANDED** |
| APPLE INC.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>MOTOROLA, INC. and<br>MOTOROLA MOBILITY, INC.,<br><br>Counterclaim Defendants. | |

## DECLARATION OF JILL J. HO IN SUPPORT OF APPLE INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES REGARDING SET-TOP BOX PATENTS (NOS. 19-22)

I, Jill J. Ho, declare under penalty of perjury, that the following is true and correct:

1.      I am a member of the bar of the State of California, admitted *pro hac vice* in this action and an associate at the law firm of Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in the above-captioned matter. The matters referred to in this declaration are based on personal knowledge and if called as a witness I could, and would, testify competently to these matters.

2.      On May 18, 2011, I served Apple's infringement contentions.  Attached hereto as Exhibit A is a true and correct copy of Apple's infringement chart for U.S. Patent No. 5,583,560.  At Judge Ungaro's request, Apple's infringement contentions were also filed on October 28, 2011.  D.E. 161.

3.      Attached hereto as Exhibit B is a true and correct copy of Apple's Third Set of Interrogatories, served on November 14, 2011.

4.      Attached hereto as Exhibit C is a true and correct copy of the responses to Apple's Third Set of Interrogatories served by Motorola Solutions, Inc. on December 19, 2011.

5.      Attached hereto as Exhibit D is a true and correct copy of the responses to Apple's Third Set of Interrogatories served by Motorola Mobility, Inc. on December 19, 2011.

6.      On November 10, 2011, I served a notice of Apple's subpoenas to various cable companies, including AT&T, Inc., Comcast Corp., Mediacom Communications Corp., Time Warner Cable, Inc., Bright House Networks, LLC, Charter Communications, Inc.,

Cox Communications, Inc., and Suddenlink Communications.  Attached hereto as Exhibit E is a true and correct copy of that notice.

7.      On November 14, 2011, I received a letter from David Perlson of Quinn Emanuel Urqhart & Sullivan, LLP, arguing that Apple's subpoenas unnecessarily burdened Motorola's clients and proposing that the parties meet and confer to discuss "how these various requests are relevant and which discovery requests may be addressed by Motorola rather than the subpoenaed third-parties."  Attached hereto as Exhibit F is a true and correct copy of that letter.

8.      On November 15, 2011, I participated in a teleconference with counsel for Motorola, Mr. Perlson and Ben Quarmby of Quinn Emanuel Urqhart & Sullivan, LLP, to meet and confer regarding various discovery issues.  Elena DiMuzio and Leslie Harvey of Covington & Burling LLP, co-counsel for Apple, also participated in this call.  Among the issues discussed were mutual supplementation of interrogatory responses and Apple's subpoenas to cable companies.  No agreements were reached during this call.

9.      On November 17, 2011, I participated in a follow-up discussion with the same individuals listed above.   During this call, the parties agreed to supplement their interrogatory responses by December 16, 2011.  Counsel for Motorola also agreed that it would provide the discovery Apple sought with regard to the asserted set-top box patents (U.S. Patent Nos. 5,583,560, 5,594,509, and 5,621,456), so Apple would not need to bother Motorola's clients for such information.

10.     Attached hereto as Exhibit G is a true and correct copy of a November 21, 2011 letter from Mr. Quarmby to me, enumerating which interrogatories the parties had agreed to supplement.  In this same letter, Mr. Quarmby indicated that at least certain deposition

3

topics and document requests in Apple's subpoenas to the aforementioned cable companies could be addressed by Motorola.[1]  In subsequent telephonic discussions with Mr. Quarmby, I clarified that Apple was not only interested in information and documents in the categories identified in his letter of November 21, 2011, but also any information and documents about the software loaded on the accused Motorola set-top boxes, especially the interactive programming guide software implicated by the asserted claims of Apple's patents-in-suit.  Mr. Quarmby assured me that Motorola would make every effort to ensure that Apple would get the information it needed.

11.     My contemporaneous conversations with counsel for the subpoenaed cable companies confirmed my belief that Motorola intended to produce the set-top box discovery Apple requested.  I was separately informed by several cable companies that counsel for Motorola had promised to produce relevant documents so there was no need for the cable company to respond to Apple's subpoena.   In reliance on these representations, I confirmed that Apple would not pursue its subpoenas, but reserved the right to do so in the event that Motorola did not fulfill its promises.  Attached hereto as Exhibit H is a true and correct copy of a series of emails from November 16th to November 30, 2011, exchanged between me and David Benyacar, counsel for Time Warner Cable.  Attached hereto as Exhibit I is a true and correct copy of a series of emails dated November 18, 2011, exchanged between me and Brian Ferrall, counsel for

---

[1]  The topics and requests specifically listed in Mr. Quarmby's letter pertain to communications between Motorola and each cable company; agreements or contracts between Motorola and each cable company; payments made to Motorola for any accused set-top box systems; design specifications supplied by each cable company to Motorola pertaining to hardware in the accused set-top box systems; and any hardware schematics or bills of materials supplied by each cable company to Motorola for any accused set-top box systems.

Comcast.  Attached hereto as Exhibit J is a true and correct copy of a series of emails from November 21, 2011 to December 12, 2011, exchanged between me and Joel Samuels, counsel for Suddenlink Communications.  Attached hereto as Exhibit K is a true and correct copy of a series of emails dated November 30, 2011, exchanged between me and Cody Harrison, counsel for Bright House Networks.

12.     On December 14, 2011, I received another call from Mr. Quarmby, requesting an extension of the date for mutual supplementation of interrogatory responses from December 16 to December 21.  Attached hereto as Exhibit L is true and correct copy of an email dated December 14, 2011 from me to Mr. Quarmby agreeing to this proposed extension and confirming our understanding of which interrogatories the parties were planning to supplement.

13.     On December 19, 2011, Motorola served its responses to Apple's third set of interrogatories.

14.     On December 21, 2011, counsel for Motorola indicated that contrary to our prior agreement, it was not planning to serve responses for all of the interrogatories it had agreed to supplement.  Attached hereto as Exhibit M is a true and correct copy of a December 21, 2011 email from David Elihu of Quinn Emanuel Urqhart & Sullivan, LLP, counsel for Motorola, to me.

15.     A few hours later, I met and conferred with Marshall Searcy of Quinn Emanuel Urqhart & Sullivan, LLP, counsel for Motorola.  Mr. Searcy informed me that Motorola was not prepared to supplement all of the interrogatories Mr. Quarmby had promised to supplement.  During this call, I observed that Motorola's responses to Apple's third set of interrogatories were similarly deficient and asked that Motorola supplement those

responses as well.  Attached hereto as Exhibit N is a true and correct copy of an email dated December 21, 2011 from me to Mr. Searcy, confirming our agreement that, even though Apple was ready to serve its responses and Motorola was partially ready to serve its responses, neither side would serve its supplemental interrogatory responses until after the holidays.

16.     Attached hereto as Exhibit O is a true and correct copy of an email dated December 26, 2011 from me to Mr. Searcy, proposing January 6, 2012 for the exchange of supplemental interrogatory responses.   Subsequent to this, Mr. Searcy counter-proposed January 16th.  I also met and conferred with Cathleen Garrigan of Quinn Emanuel Urqhart & Sullivan, LLP, counsel for Motorola, on December 29, 2011, to clarify why Apple believed Motorola's responses to its third set of interrogatories were deficient.  Attached hereto as Exhibit P is an email dated January 3, 2012, from me to Mr. Searcy confirming our agreement to exchange supplemental interrogatory responses on January 16, 2012.  In that email, I emphasized that we were agreeing to give Motorola the extra time it requested with the expectation that its supplemental responses would be substantive.  Attached hereto as Exhibit Q is a true and correct copy of the email dated December 29, 2011, from me to Ms. Garrigan which was included as an attachment to my January 3 email.

17.     Attached hereto as Exhibit R is a true and correct copy of a January 13, 2012 email from Ms. Garrigan to me, agreeing to extend the date for mutual supplementation of interrogatory responses from January 16 to January 17, in light of the Martin Luther King holiday.

18.     On January 17, 2012, the parties exchanged supplemental interrogatory responses. Attached hereto as Exhibit S is a true and correct copy of my email serving Apple's supplemental responses.

19.     Contrary to its prior agreements, Motorola only served supplemental responses for six out of the fourteen interrogatories.  Attached hereto as Exhibit T is a true and correct copy of an email dated January 17, 2012 from me to Ms. Garrigan, requesting a meet and confer.

20.     On January 18, 2012, my colleague Jason Lang and I participated in a teleconference with Mr. Searcy and John Duchemin of Quinn Emanuel Urqhart & Sullivan, LLP, counsel for Motorola.  During this call, Mr. Searcy stated that Motorola believed its supplementation was complete and did not intend to provide further supplementation of any of its interrogatory responses.  When I raised the fact that Mr. Quarmby had promised that Motorola would provide the discovery Apple needed with regard to the set-top box patents so we would not need to bother Motorola's clients, Mr. Searcy stated that he was not aware of that agreement, but he would check with Mr. Quarmby, who was no longer an attorney at Quinn Emanuel Urqhart & Sullivan, LLP.  We agreed to continue our discussion regarding Motorola's responses to the set-top box interrogatories the following week.

21.     On January 24, 2012, Mr. Lang and I met and conferred again with Mr. Searcy and Mr. Duchemin.  During this call, Mr. Searcy stated that it was his understanding that Motorola's agreement to provide information relating to Apple's set-top box patents had been limited to document requests and did not include interrogatories.  He confirmed that Motorola would not be supplementing its responses to Apple's Interrogatory Nos. 19-22.

22.     Attached hereto as Exhibit U is a true and correct copy of a January 3, 2012 email from Mr. Lang to Mr. Duchemin, cc'ing me.

23.     Attached hereto as Exhibit V is a true and correct copy of a January 3, 2012 email from Mr. Lang to Ms. Garrigan, cc'ing a service list of which I am a member.

24.     Attached hereto as Exhibit W is a true and correct copy of a January 16, 2012 email from Mr. Lang to Ms. Garrigan and Mr. Duchemin, cc'ing a service list of which I am a member.

25.     Attached hereto as Exhibit X is a true and correct copy of a document produced by Motorola bearing the Bates numbers MOTO-APPLE-00039995686-691.

26.     Attached hereto as Exhibit Y is a true and correct copy of a document produced by Motorola bearing the Bates numbers MOTO-APPLE-0004134851-864.

27.     Attached hereto as Exhibit Z is a true and correct copy of a document produced by Motorola bearing the Bates numbers MOTO-APPLE-0007260321-382.

28.     Attached hereto as Exhibit AA is a true and correct copy of a document produced by Motorola bearing the Bates numbers MOTO-APPLE 0004151909-928.

29.     Attached hereto as Exhibit BB is a true and correct copy of a document produced by Motorola bearing the Bates numbers MOTO-APPLE 0007345738-763.

30.     Attached hereto as Exhibit CC is a true and correct copy of a document produced by Motorola bearing the Bates numbers MOTO-APPLE 0007333742-745.

31.     Attached hereto as Exhibit DD is a true and correct copy of a document produced by Motorola bearing the Bates numbers MOTO-APPLE-0003991503-506.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 30, 2012 at Redwood Shores, California

_____/s/ Jill J. Ho_____
Jill J. Ho