UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:10cv023580-Civ-RNS-TEB

| | |
|---|---|
| MOTOROLA MOBILITY, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>      Defendant. | **JURY TRIAL DEMANDED** |
| APPLE INC.,<br><br>      Counterclaim Plaintiff,<br><br>v.<br><br>MOTOROLA, INC. and<br>MOTOROLA MOBILITY, INC.,<br><br>      Counterclaim Defendants. | |

**MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION TO
COMPEL RULE 30(b)(6) DEPOSITION TESTIMONY FROM APPLE**

**I.     PRELIMINARY STATEMENT**

In its opposition, D.E. 270, Apple does not dispute that the testimony regarding the iOS 5 email notifications relates to Apple's infringement of the '161 Patent.  Instead, it attempts to avoid discovery based on the hypertechnical argument that email notifications are somehow not part of email functionality.  But, Motorola's infringement contentions specifically call out Apple's incoming email functionality – Apple was clearly on notice that its products were accused and was obligated to provide appropriate discovery on them.

In addition, in opposing Motorola's request for additional deposition time regarding MobileMe webmail source code, Apple ignores its own failure to comply with the Federal Rules of Civil Procedure.  Motorola requested the pertinent source code in 2010.  That Apple neglected to produce that code until the eve of deposition is no basis to avoid its discovery obligations.  All told, Apple's Opposition is merely an attempt to avoid a determination of this action on the merits and should be rejected.

**II.    ARGUMENT**

    **A.    MOTOROLA'S PRELIMINARY INFRINGEMENT CONTENTIONS ACCUSE APPLE'S EMAIL NOTIFICATION FUNCTIONALITY**

In its Opposition, Apple argues that it need not provide a witness on iOS 5 email notifications because, it asserts, email notifications are not explicitly called out in Motorola's Preliminary Infringement Contentions (D.E. 270 at 4-7).  It also argues that email notifications could not have been accused because they were not public at the time of the contentions (D.E. 270 at 7).  Apple's arguments are meritless.

Motorola has accused the email functionality that is present in all versions of iOS, including iOS 5, of infringing the '161 patent.  (Ex. C of Motorola's Motion).  The notion that "email notifications" are not specifically called out in the infringement contentions does not

preclude it as an accused functionality. "In general, the purpose of preliminary infringement contentions is to provide defendants with notice of infringement beyond the claim language itself." *Shurtape Techs., LLC v. 3M Co.*, 2011 WL 4750586 at *2 (W.D.N.C., Oct. 7, 2011). Motorola's infringement contentions provided more than enough notice to Apple that Motorola alleges that the email functionality in Apple's iOS devices infringes Motorola's '161 Patent. Motorola's contentions make clear that Apple's iOS devices infringe, in part, because in response to receiving an incoming email message, the Apple iOS devices check to determine whether the sender's email address is stored in the device's address book. (Ex. C of Motorola's Motion at 10-13). Accordingly, Apple was on notice that iOS email functionality, including performance of address book checks in response to receiving incoming messages, was accused of infringement and that its iOS 5 email notifications could be at issue.

Moreover, there can be no question that email notifications are within the scope of discovery in this case. Discovery in this action is not limited to the express recitations of Motorola's preliminary infringement contentions. In fact, "the scope of discovery may include products and services (in this case, websites and systems) 'reasonably similar' to those accused in the [Preliminary Infringement Contentions]." *Epicrealm, Licensing, LLC v. Autoflex Leasing, Inc.*, 2007 WL 2580969 at *3 (E.D. Tex. Aug. 27, 2007) (internal citations omitted); *see Prism Techs.s, LLC v. Adobe Sys., Inc.,* 2011 WL 6210292 at *5 (D. Neb. Dec. 14, 2011).

Here, even by Apple's own admission, (*see* D.E. 270 at 4), the discovery sought by Motorola is reasonably similar to the functionalities accused in Motorola's preliminary infringement contentions. Motorola's infringement contentions for the '161 Patent relate to the way that Apple's iOS devices process address information from incoming emails, including by checking the address book to see if the sender's address is stored in the address book. The iOS 5

email notifications occur in response to receipt of incoming emails, and – based on empirical observations – appear to include a checking of the device's address book. Accordingly, Apple was on notice that iOS 5 email notifications are implicated by the functionality described in Motorola's preliminary infringement contentions and are properly within the scope of discovery.

Therefore, Motorola's Motion should be granted and Apple should be compelled to provide a 30(b)(6) witness to discuss the iOS 5 email notifications.

### B. APPLE IS ENTIRELY TO BLAME FOR THE TARDY SOURCE CODE PRODUCTION AND MOTOROLA IS ENTITLED TO ADDITIONAL DEPOSITION TIME ON THE MOBILEME WEBMAIL CODE

In response to Motorola's Motion, Apple attempts to justify its tardy source code production by claiming that it "provided the requested source code in a timely manner" and "went out of its way to make the code available as quickly as possible." (D.E. 270 at 8). However, Apple's excuses ignore the dispositive facts – the code is relevant, within the scope of the deposition topics, and even though Motorola requested it two years ago, Apple failed to produce the code in sufficient time for it to be used at Mr. Peterson's deposition.

Motorola was Diligent In Seeking Apple's Source Code. Apple's first excuse for its tardy source code production is that "Motorola was not diligent in seeking the relevant MobileMe source code." (D.E. 270 at 8). Not so. On December 29, 2010, Motorola propounded its First Set of Requests for Production, which included explicit requests for Apple source code. (*See* Ex. D of Motorola's Motion at Request Nos. 1, 56, 64, and 67)[1]. Apple agreed to produce

---

[1] Request No. 1: All documents concerning this Action; Request No. 56: All documents related to whether or not Apple infringes the Mobility Asserted Patents; Request No. 64: All documents and things that support, contradict, refute, or otherwise relate to Counterclaim-Defendants' allegations and contentions contained within the Complaint or Answer, Reply, and Counterclaims, including without limitation any documents supporting Mobility's allegations that Apple has infringed and is infringing the Mobility Asserted Patents; Request No. 67: All documents and things concerning the research, design, development, manufacture, testing, operation, performance, installation, marketing, use, or sale of any of Apple Accused

- 4 -

"responsive, non-privileged documents" in response to these Requests. (*See* Ex. E of Motorola's Motion). That Apple still had not produced this code by February 7, 2012, is more indicative of the deficiencies in Apple's document production than it is of Motorola's diligence. Under the Federal Rules of Civil Procedure, it is Apple's burden to produce all non-privileged, unobjected-to documents that are responsive to Motorola's Requests for Production, which, in this case, seek all relevant Apple source code. To complain that Motorola did not point out its deficient source code production earlier is to suggest that it is Motorola's burden to ensure that Apple complies with the Federal Rules, which is certainly not the case. Motorola was diligent in requesting and reviewing Apple's source code and should not be penalized for Apple's deficient productions.

Also, in support of its claims that Motorola was not diligent, Apple indicates that Mr. Peterson was scheduled to be deposed twice before his February 8, 2012 deposition, but that Motorola cancelled both of these depositions. The Opposition insinuates that if Mr. Peterson had been deposed earlier, "Motorola would likely not even have reviewed the code, let alone notified Apple of perceived deficiencies." (D.E. 270 at 8). This hypothetical argument is irrelevant – the fact that Apple might have gotten away with a deficient document production if circumstances had played out differently does not somehow absolve Apple of the deficiencies. Again, Apple's argument ignores its own duties under the Federal Rules and attempts to blame its deficient production on Motorola.

Apple's Production Efforts Were Too Little, Too Late. The remainder of Apple's Opposition is dedicated to showing that once Motorola highlighted the deficiencies in Apple's production, Apple "responded in a timely manner" and "provided extremely rapid access to the

---

Instrumentality, including without limitation all source code, documentation, manuals, and design notes, and all revisions thereof.

relevant MobileMe source code." (D.E. 270 at 8-9). This is untrue but, in any event, absolutely irrelevant to the present Motion.

The fact remains that Motorola requested Apple source code in December of 2010. Apple had a duty under the Federal Rules to produce that code in a timely manner, yet almost two years later, it still had failed to do so. Then, after Motorola complained of these deficiencies, Apple produced the code the day before Mr. Peterson's deposition, when Motorola's expert was unavailable to review it. Regardless of Apple's alleged attempts to provide the source code quickly once it had finally agreed to do so, the fact is that it moved too late. Apple did not produce the source code in time for Motorola to identify and print the portions relating to the webmail application to use with Mr. Peterson at his deposition. It was Apple's duty to produce the code, and Apple's failure to do so in a timely manner that has prejudiced Motorola. The Court should grant Motorola's Motion.

## III. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that its Motion to Compel be granted in its entirety.

Dated: March 21, 2012

Respectfully submitted,

MOTOROLA SOLUTIONS, INC. (f/k/a MOTOROLA, INC.) AND MOTOROLA MOBILITY, INC.

By: _/s/ David Perlson_
     David Perlson

Charles K. Verhoeven
David Perlson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: charlesverhoeven@quinnemanuel.com

davidperlson@quinnemanuel.com

By:    */s/ Edward M. Mullins*____
Edward M. Mullins (FBN 863920)
Annette C. Escobar (FBN 369380)
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Phone: (305) 372-8282
Fax: (305) 372-8202
Email: emullins@astidavis.com

Edward J. DeFranco
Raymond Nimrod
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
Email: eddefranco@quinnemanuel.com

David A. Nelson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com

Marshall Searcy
Matthew O. Korhonen
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: marshallsearcy@quinnemanuel.com

*Attorneys for Plaintiff and Counterclaim-Defendants Motorola Solutions, Inc. and Motorola Mobility, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2012, I served the foregoing document via electronic mail on all counsel of record identified on the attached Service List.

*/s/ Edward M. Mullins*
Edward M. Mullins

**SERVICE LIST**
*Motorola Mobility, Inc. v. Apple, Inc.*
Case No.: 1:10-23580-Civ-UU
United States District Court, Southern District of Florida

Christopher R.J. Pace
christopher.pace@weil.com
Edward Soto
edward.soto@weil.com
Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida  33131
Telephone:  (305) 577-3100
Facsimile:   (305) 374-7159

Nathan A. Greenblatt*
nathan.greenblatt@weil.com
Jill J. Ho*
jill.ho@weil.com
Jacqueline T. Harlow*
jackie.harlow@weil.com
Anne M. Cappella*
anne.cappella@weil.com
Brian C. Chang*
brian.chang@weil.com
Weil, Gotshal & Manges, LLP
201 Redwood Shores Parkway
Redwood Shores, California  94065-1134
Telephone:  (650) 802-3000
Facsimile:   (650) 802-3100

Jenny C. Wu*
Jenny.wu@weil.com
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000

Samuel F. Ernst*
sernst@cov.com
Christine Saunders Haskett*
chaskett@cov.com
Robert D. Fram*
rfram@cov.com
Chris Martiniak*
cmartiniak@cov.com
Winslow B. Taub*
wtaub@cov.com
Covington & Burling LLP
One Front Street
San Francisco, California  94111-5356
Telephone:  (415) 591-6000
Facsimile:   (415) 591-6091

Robert T. Haslam*
rhaslam@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California  94065
Telephone: (650) 632-4700
Facsimile:  (650) 632-4800

Matthew D. Powers*
matthew.powers@tensegritylawgroup.com
Steven S. Cherensky*
steven.cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
201 Redwood Shores Parkway, Suite 401

| | |
|---|---|
| Facsimile:  (212) 310-8007 | Redwood Shores, California |
| | Telephone:  (650) 802-6000 |
| Mark G. Davis* | Facsimile:  (650) 802-6001 |
| Mark.davis@weil.com | |
| Weil, Gotshal & Manges LLP | |
| 1300 Eye Street, NW, Suite 900 | |
| Washington, DC  20005 | |
| Telephone:  (202) 682-7000 | |
| Facsimile:   (202) 857-0940 | |

*\*Admitted pro hac vice*